FILED
CLERK, U.S. DISTRICT COURT

JUN 10 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

1  Paul R. Keisel, Esq. (CBN 119584)
2  KIESEL BOUCHER LARSON LLP
   8648 Wilshire Boulevard
3  Beverly Hills, California 90211
4  Telephone: 310/854.4444
   Facsimile: 310/854.0812
5
6  Michael J. Boni, Esq.
   BONI & ZACK, LLC
7  15 St. Asaphs Road
   Bala Cynwyd, PA 19004
8  Telephone: 610/822.0200
9  Facsimile: 610/822.0206
10
   Attorneys for Plaintiffs
11 Additional Counsel Appear on Signature Page
12
13              UNITED STATES DISTRICT COURT
14              CENTRAL DISTRICT OF CALIFORNIA
15                   WESTERN DIVISION
16
17 IN RE YAHOO! LITIGATION          Case No.: CV 06-2737 CAS (FMOx)
18                                  **STIPULATED AND AGREED
                                    PROTECTIVE ORDER**
19
20
21
22
23
24      Pursuant to Federal Rule of Civil Procedure 26(c), the Court, having considered
25 the parties' request for a *Protective Order*, hereby ORDERS AS FOLLOWS:
26
27
28

## GOOD CAUSE STATEMENT OF THE PARTIES

This litigation involves Plaintiffs' allegations against Defendants that the manner of Defendants' placement of Plaintiffs' online advertisements constitutes breach of contract, unfair competition, and other claims asserted in the Second Amended Complaint. Specifically, Plaintiffs allege that Yahoo! has engaged in "syndication fraud" by placing Plaintiffs' advertisements in allegedly inferior implementations such as spyware, adware, typosquatting web sites, and other untargeted web sites. Plaintiffs have indicated that these claims will require examination of documents, data, and information which Yahoo! asserts is highly confidential. Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Specifically, Plaintiffs are likely to request information relating to Yahoo!'s method of distributing its advertisements, its technology for doing so, and its financial terms surrounding Yahoo!'s distribution of its advertisements. Among other things, Defendants will suffer specific prejudice and harm from the public disclosure of advertising customer lists, Internet search traffic data, customer billing records and contractual relationship data among and between Defendants and their contractual counterparties. Plaintiffs and Class members may also suffer specific prejudice and harm from the public disclosure of competitive advertising plans, amounts spent on advertising, account numbers and codes, Internet traffic histories and their contractual relationships with counterparties. Such specific prejudice and harm would include loss of exclusive or beneficial dealings with customers to competitors, loss of confidential relationships with customers and contractual counterparties, the risk of identity theft and similar harms. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment

as confidential. The parties further acknowledge, as set forth in Section 17, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets for the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

1. **Definitions:** The terms defined in this Section 1 and parenthetically elsewhere shall, throughout this *Protective Order*, have the meanings provided. Defined terms may be used in the singular or plural.

1.1 "Action" means the litigation captioned *In Re Yahoo! Litigation*, Master File No. CV 06-2737 CAS (FMOx).

1.2 "Producing Party" means a party to the Action, or persons other than a party, including non-party witnesses, that produce *Confidential Information* or *Highly Confidential Information* to the Receiving Party.

1.3 "Receiving Party" means the party receiving or requesting production of *Confidential Information* or *Highly Confidential Information* from the Producing Party.

1.4 "*Confidential Information*" consists of information, items or materials (1) which reflect or constitute customer lists, customer billing records, customer Internet traffic histories, and counterparty agreements the Producing Party believes in good faith to constitute confidential information of the Producing Party, or confidential information of some third party which the Producing Party has in its possession, whether or not such information is recorded or embodied in any physical medium (*i.e.*, a document, information contained in a document, equipment, information stored or displayed in electronic, magnetic or other mediums, information revealed during testimony, information revealed in interrogatory answers, or information revealed in any other way); and (2) which is designated as *Confidential Information* by the Producing Party in accordance with Sections

six through eight of this **Protective Order**. . *"Confidential Information"* may include information such as Yahoo!'s advertising strategies, discussion of the development of new advertising products and features and customer lists. It may also include information pertaining to the Defendant's Sponsored Search and Content Match advertising products, and Yahoo!'s proprietary click database system.

    1.5   *"Highly Confidential Information"* means information (1) which reflects nonpublic, proprietary Internet search structures, programs, and designs, ~~and similar information~~ the Producing Party believes in good faith to constitute confidential information of the Producing Party or confidential information of some third party which the Producing Party has in its possession; (2) that is so competitively sensitive that producing the information justifies imposing the requirement on the opposite party that only its counsel may review such information and that its testifying and consulting experts are subject to objection as specified herein, whether or not any such information is recorded or embodied in any physical medium (*i.e.*, whether it is a document, information contained in a document, equipment, information stored or displayed in electronic, magnetic or other medium, information revealed during the taking of testimony, information revealed in interrogatory answers, or information revealed in any other way); and (3) which is designated as *Highly Confidential Information* by the Producing Party in accordance with Sections six through eight of this **Protective Order**. *"Highly Confidential Information"* may include information such as Yahoo!'s advertising strategies, discussion of the development of new advertising products and features and customer lists. It may also include information pertaining to the Defendant's Sponsored Search and Content Match advertising products, and Yahoo!'s proprietary click database system,

1.6 "Litigation Documents" means all pleadings, motions, discovery responses, affidavits and related papers produced or exchanged in the course of the Action, or any settlement negotiations related to the Action, and all transcripts of testimony given in depositions, in hearings, or at trial.

1.7 "Termination" means the dismissal of the Action (whether through settlement or otherwise), or the entry of final judgment and expiration of all periods to appeal or seek judicial review of such judgment or dismissal.

2. All *Confidential Information* shall be used by the Receiving Party solely in connection with the prosecution and defense of the Action. The Receiving Party shall copy *Confidential Information* only to the extent reasonably necessary to prosecute or defend the Action. The Receiving party shall not, directly or indirectly, in whole or in part, reveal, disclose, or make available for inspection or copying any *Confidential Information* to any individual or entity, except:

2.1 the Court and its personnel and any Jury impaneled in the Action;

2.2 court reporters, videographers, and outside translators while present at a deposition, hearing, or trial in the Action;

2.3 the Receiving Party's outside attorneys retained by or for the Receiving Party in connection with the Action, and the support staffs of those attorneys (including law clerks, legal assistants, secretaries, clerks, and copying service personnel who provide copying and related litigation services at the request of the outside attorneys) who have a need to know the *Confidential Information* in connection with maintaining or defending the Action;

2.4 the Receiving Party's in-house attorneys (if any) or the support staffs of those attorneys (including legal assistants, secretaries and clerks, and copying service personnel who provide copying and related litigation services at the request of the attorneys) who have a need to know the *Confidential Information* in connection with maintaining or defending the Action;

2.5 employees of the Receiving Party or other individuals representing the Receiving Party who have a need to know the *Confidential Information* in connection with maintaining or defending the Action and who have executed this Agreement or an agreement in the form of that attached hereto as Exhibit A before receiving *Confidential Information*;

2.6 subject to Section 11 of this **Protective Order**, any testifying or consulting expert who (a) has executed an agreement in the form of that attached hereto as Exhibit A before receiving *Confidential Information*, and (b) is not employed or retained by a competitor of the Producing Party and has no present intention to be employed or retained by a competitor of the Producing Party for a period of one year following termination of the Action. Provided, however, that any testifying or consulting expert may use *Confidential Information* solely for purposes of the Action and for no other purposes;

2.7 deposition witnesses and other testifying witnesses who either (a) were the author or a recipient of a document containing *Confidential Information* or (b) have executed an agreement in the form of that attached hereto as Exhibit A before receiving *Confidential Information*;

2.8 any arbitrator or mediator in connection with an arbitration or mediation of any issue raised in the Action, and such arbitrator's or mediator's support staff; and

2.9 any other person authorized by written agreement of the Producing Party and the Receiving Party or by order of the Court to receive *Confidential Information*.

3. All *Highly Confidential Information* shall be used by the Receiving Party solely in connection with the prosecution and defense of the Action. The Receiving Party shall not, directly or indirectly, in whole or in part, reveal, disclose, or make available for inspection or copying any *Highly Confidential Information* to any individual or entity, except:

3.1 the Court and its personnel and any Jury impaneled in the Action;

3.2 court reporters, videographers, and outside translators while present at a deposition, hearing, or trial in the Action;

3.3 the Receiving Party's outside attorneys retained by or for the Receiving Party in connection with the Action, and the support staffs of those attorneys (including law clerks, legal assistants, secretaries, and clerks, *but excluding* copying service personnel who provide copying and related litigation services at the request of the outside attorneys unless such personnel have executed an agreement in the form of that attached hereto as Exhibit A) who have a need to know the *Highly Confidential Information* as a result of assisting in discovery or in the preparation of the Action for trial;

3.4 the Receiving Party's in-house attorneys (if any) or the support staffs of those attorneys (including legal assistants, secretaries and clerks, *but excluding* copying service personnel who provide copying and related litigation services at the request of the attorneys) who have a need to know the *Highly Confidential Information* as a result of assisting in discovery or in the preparation of the Action for trial;

3.5 subject to Section 11 of this *Protective Order*, any testifying and consulting expert who (a) has executed an agreement in the form of that attached hereto as Exhibit A before receiving *Highly Confidential Information*, and (b) is not employed or retained by a competitor of the Producing Party and has no present intention to be employed or retained by a competitor of the Producing Party for a period of one year following termination of the Action. Provided, however, that any testifying or consulting expert may use *Highly Confidential Information* solely for purposes of the Action and for no other purposes;

3.6 deposition witnesses and other testifying witnesses who either (a) were the author or a recipient of a document containing *Highly Confidential*

*Information* or (b) have executed an agreement in the form of that attached hereto as Exhibit A before receiving *Highly Confidential Information*;

    3.7    any arbitrator or mediator in connection with an arbitration or mediation of any issue raised in the Action, and such arbitrator's or mediator's support staff; and

    3.8    any other person authorized by written agreement of the parties or by order of the Court to receive *Highly Confidential Information*.

4.    No person, other than the individuals described in Sections 2 or 3, shall be permitted to attend any deposition during disclosure of *Confidential Information*, unless the parties agree or the Court orders otherwise.

5.    No person, other than the individuals described in Section 3, shall be permitted to attend any deposition, hearing or trial during disclosure of *Highly Confidential Information*, unless the parties agree or the Court orders otherwise.

6.    A Producing Party shall designate *Confidential Information* or *Highly Confidential Information* contained in a document by conspicuously marking the document as "Confidential Information" or "Highly Confidential Information," as the case may be, on the first page of the document and thereafter on each interior page containing or disclosing *Confidential Information* or *Highly Confidential Information*.

7.    A Producing Party shall designate *Confidential Information* or *Highly Confidential Information* contained or embodied in a thing by conspicuously marking, when practicable, the thing as "Confidential Information" or "Highly Confidential Information," as the case may be, or otherwise by identifying the *Confidential Information* or *Highly Confidential Information* in a separate writing such as a memo or letter.

8.    A Producing Party may designate *Confidential Information* or *Highly Confidential Information* disclosed during a deposition or hearing by:

    8.1    indicating on the record at the deposition or hearing the specific part of the testimony (including the entire testimony given or to be given by a

witness) and all or any part of any document or thing marked for identification that is *Confidential Information* or *Highly Confidential Information* and subject to the provisions of this **Protective Order**; or

  8.2 notifying all Receiving Parties within the earlier of (a) twenty-one (21) days from the time the Producing Party receives a deposition or hearing transcript, or (b) thirty (30) days prior to the trial date, that the transcript contains *Confidential Information* or *Highly Confidential Information* and specifically identifying those portions (including a witness's entire testimony) that contain *Confidential Information* or *Highly Confidential Information*.

  8.3 In the event of a designation pursuant to Section 8.2, nothing shall prevent a Receiving Party from using the testimony of an expert or consultant who relied in his or her analysis on *Confidential Information* or *Highly Confidential Information* provided that the expert viewed the *Confidential Information* or *Highly Confidential Information* prior to the Producing Party's designation pursuant to 8.2.

  9. A Receiving Party is not obligated to challenge the Producing Party's designation of *Confidential Information* or *Highly Confidential Information* at the time such a designation is made, and any failure to do so will not waive that party's right to request, at any time, that the Court determine whether the information satisfies the definitions of *Confidential Information* or *Highly Confidential Information* set forth at Sections 1.4 and 1.5, respectively, or whether the information satisfies the applicable rules with respect to protected confidential information.  Should a Receiving Party challenge a Producing Party's designation, the parties agree to attempt to resolve the dispute in good faith.  If the dispute cannot be resolved and the Receiving Party seeks relief from the Court, the Producing Party will bear the burden of proving that the designation satisfies both the substantive and procedural requirements under Rules 26 and 37 of the Federal Rules of Civil Procedure.  In making or opposing any motion relating to the designation of confidential

information, the party seeking to maintain a document as confidential shall bear the burden of proving that specific prejudice or harm will result if no Protective Order is granted.

10. In the event a Producing Party inadvertently fails to designate *Confidential Information* or *Highly Confidential Information* when it is first produced or disclosed, that party may, at any time thereafter, designate the *Confidential Information* or *Highly Confidential Information* by producing the information with the new designation, stamped with the same Bates number as the information it is intended to replace. Upon receipt of the newly designated information, the Receiving Party will destroy all copies of the original. The Receiving Party shall not be in breach of this ***Protective Order*** for any disclosure made prior to receipt of such notice which would otherwise have been authorized by this Order but for the subsequent designation.

11. Prior to providing *Confidential Information* or *Highly Confidential Information* of any Producing Party to a consulting or testifying expert, the Receiving Party shall notify the Producing Party as to the identity of that consulting or testifying expert and shall provide the Producing Party a copy of the testifying expert's *curriculum vitae*, unless the expert has been previously disclosed by the Receiving Party under this Section 11. The Producing Party shall serve the Receiving Party with written objections to the testifying or consulting expert within ten (10) business days after receiving the notice. If no written objection is timely served, the Receiving Party may provide *Confidential Information* or *Highly Confidential Information* to the consulting or testifying expert according to the terms of this ***Protective Order***. If the Producing Party timely serves its objections, the Receiving Party shall not provide *Confidential Information* or *Highly Confidential Information* to the expert until all objections are resolved. The Producing Party and the Receiving Party shall work together in good faith to resolve any timely served objections concerning the testifying or consulting expert. If any such dispute cannot be resolved, the parties shall

1  formulate a written stipulation setting forth the contentions and points and authorities
2  of each party with respect to each disputed issue and they shall file and serve the
3  stipulation, with the notice of motion to the Court, pursuant to Local Rule 37-2. In
4  making or opposing any motion relating to the designation of confidential
5  information, the party seeking to maintain a document as confidential shall bear the
6  burden of proving that specific prejudice or harm will result if no Protective Order is
7  granted.

8      12.   Any party may move the Court, *pursuant to Local Rule 37,* to amend this *Protective Order* on ~~5~~
9  business days' notice to all parties to the Action and the Producing Party that
10 produced the information in question (or such shorter notice as the Court may
11 require). In any proceedings on such a motion, the prior existence of this *Protective*
12 *Order* shall not affect the burden of persuasion that would rest upon any proponent of
13 a protective provision. The Court, on its own motion, may amend this *Protective*
14 *Order.*

15     13.   Nothing in this *Protective Order* shall bar or otherwise restrict any
16 attorney from rendering legal advice to his or her client with respect to this litigation
17 and referring generally to *Confidential Information* or *Highly Confidential*
18 *Information* or relying upon the attorney's own examination of *Confidential*
19 *Information* or *Highly Confidential Information.*

20     14.   If any Receiving Party is required by law to disclose some portion of the
21 *Confidential Information* or *Highly Confidential Information* other than as permitted
22 by this *Protective Order*:

23        14.1  the Receiving Party will inform the Producing Party who originally
24        disclosed such *Confidential Information* or *Highly Confidential Information* of
25        the requirement as soon as practicable after receiving notice of the requirement.
26        The Receiving Party will further inform the Producing Party which *Confidential*
27        *Information* or *Highly Confidential Information* it is required to disclose.
28

14.2 The Receiving Party shall inform the requiring entity of the Receiving Party's obligations set forth in this *Protective Order*.

14.3 The Producing Party may seek a Protective Order with confidentiality provisions identical to this *Protective Order*. The Receiving Party shall not oppose the Producing Party's attempts to obtain the Protective Order in any fashion, including assisting any third party in opposing the entry of such Protective Order.

14.3.1 If the Producing Party elects to seek a Protective Order under the above section 14.3, it shall notify the Receiving Party within the earlier of (a) twenty (20) days after the Receiving Party sends its notice or (b) two (2) business days before the deadline for complying with the requirement but after the Receiving Party sends its notice.

14.3.2 If the Producing Party elects not to seek a Protective Order, or if the Receiving Party receives no notice under the above section 14.3.1 within the time established in Section 14.3.1 of this Protective Order, the Receiving Party shall have the right to disclose the required *Confidential Information* or *Highly Confidential Information*.

14.3.3 If the Producing Party is unable to obtain a Protective Order satisfactory to the Producing Party after exhausting all applications for writs of mandamus and all interlocutory appeals from the denial of such a Protective Order, the Receiving Party shall have the right to disclose the required *Confidential Information* or *Highly Confidential Information*.

15. The restrictions of the *Protective Order* shall not apply to, and this Order shall not be construed to prevent, any Receiving Party from making use of or disclosing information that:

15.1 was lawfully in its possession prior to receipt of such information from a Producing Party, as shown by its written records dated prior to the Producing Party's disclosure;

15.2 appears in any published material available to the Producing Party's trade or business, available to the public, or otherwise becomes available within the public domain, other than as a consequence of the Receiving Party's breach of any obligation not to disclose the information; or

15.3 it lawfully obtains subsequent to the Producing Party's disclosure, without obligation of confidence, from a source or sources other than the Producing Party;

regardless of whether the same has been designated as *Confidential Information* or *Highly Confidential Information*.

16. This *Protective Order* shall not be construed as a waiver by the parties of any objection which might be raised as to the admissibility of any evidence. This *Protective Order* shall be without prejudice to the rights of any person to oppose production of any information on any proper ground.

17. All Litigation Documents to be filed with the Court and designated by either party as containing *Confidential Information* or *Highly Confidential Information* or referring to any previously designated *Confidential Information* or *Highly Confidential Information* shall be filed in accordance with Local Rule 79-5, and the party filing any such Litigation Document shall move the Court to file the document under seal. The party seeking to have the document filed under seal shall present a written application and proposed order to the judge, along with the document submitted for filing under seal. The proposed order shall address both the sealing of the application and order itself, if appropriate. The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of the envelopes. The Court's ruling on the motion shall be determinative of the filing status of the Litigation Document. Where possible and appropriate, upon

Court Order, the filing party shall file redacted versions of Litigation Documents in the public docket so as to exclude *Confidential Information* or *Highly Confidential Information*.

18. This paragraph addresses the handling of documents by authorized recipients other than the Court or its employees. Documents filed with the Court shall be handled according to Local Rule 79-5. All documents and things designated as *Confidential Information* or *Highly Confidential Information* shall be maintained at all times in the custody of individuals described in Sections 2 or 3, respectively. Within 60 days after Termination of the Action, the original and all copies of each document and thing produced to a Receiving Party which contains *Confidential Information* or *Highly Confidential Information* shall be returned to the Producing Party or destroyed. Notwithstanding the foregoing: (1) nothing in this Section shall require the destruction of information that resides on server backup tapes and other similar archival records that are generally inaccessible without engaging in affirmative steps to restore such documents as long as such computer archives were made during the ordinary course of business; (2) attorney work product, attorney client communications, and information derived from documents designated by another party or nonparty as *Confidential Information* or *Highly Confidential Information* may be retained by the Receiving Party (if authorized to view them) and counsel for the Receiving Party (if authorized to view them); and (3) counsel for the Receiving Party may retain one copy of any notes, memoranda, or other documents that contain excerpts of *Confidential Information* or *Highly Confidential Information*. Testifying and consulting experts may not retain (a) documents designated by another party or nonparty as *Confidential Information* or *Highly Confidential Information*, (b) attorney work product, attorney client communications, and information derived from documents designated by another party or nonparty as *Confidential Information* or *Highly Confidential Information*, or (c) notes, memoranda, or other documents that contain excerpts of *Confidential Information* or *Highly Confidential Information* designated by another

party or nonparty, including without limitation copies of their expert reports, if any. Upon completion of destruction, counsel for the Receiving Party shall promptly certify the destruction in writing to the Producing Party.

~~19. Insofar as its provisions restrict the use or disclosure of any *Confidential Information* or *Highly Confidential Information*, this **Protective Order** shall remain binding on the parties after Termination of the Action, and the Court shall retain jurisdiction of all persons and parties bound by this **Protective Order**.~~

20. With respect to the handling of Confidential Information or Highly Confidential Information by the Court, any documents introduced at trial will be presumptively available to all members of the public, including the press, unless good cause is shown to the District Judge in advance of the trial to proceed otherwise.

21. Nothing in this Order shall affect the admissibility into evidence of *Confidential Information* or *Highly Confidential Information,* or the manner in which court hearings or the trial of this action are to be conducted.

Dated: ~~March~~ June 6, 2008

By: _____
Dennis L. Wilson
KEATS MCFARLAND & WILSON LLP
Attorneys for Defendant
YAHOO! INC

Dated: ~~March~~ April 21, 2008

By: _____
Paul R. Kiesel, Esq.
KIESEL, BOUCHER &LARSON
Liaison Counsel for Plaintiffs

Dated: ~~March~~ April 21, 2008

By: _____
Michael J. Boni, Esq.
BONI & ZACK
Attorneys for Plaintiff, admitted pro hac vice

Dated: ~~March~~ April 21, 2008

By: _____
Michael Donovan, Esq.
DONOVAN SEARLES, LLC
Attorneys for Plaintiff, admitted pro hac vice

Dated: ~~March~~ April 21, 2008

By: /s/ 

Benjamin G. Edelman, Esq.
LAW OFFICES OF
BENJAMIN EDELMAN
Attorneys for Plaintiff, admitted
pro hac vice

Co-Lead Counsel for Plaintiffs

SO ORDERED this 10 day of June, 2008.

UNITED STATES DISTRICT JUDGE

_____
HONORABLE ~~CHRISTINA A. SNYDER~~
FERNANDO M. OLGUIN

## Exhibit A

I, the undersigned, have reviewed the attached Protective Order entered in the above-captioned case (the "Protective Order"), and I acknowledge its terms. Having been advised to seek my own counsel before doing so, I agree to be bound by the terms of the Protective Order and submit to the jurisdiction of the United States District Court for the Central District of California, or any other Court of competent jurisdiction, for purposes of ensuring compliance with the terms of the Protective Order.

Signed this _____ day of _____, 2007.

_____