Michael J. Boni (pro hac vice)
Joshua D. Snyder (pro hac vice)
BONI & ZACK LLC
15 St. Asaphs Road
Bala Cynwyd, PA 19004
Telephone: 610/822.0200
Facsimile: 610/822.0206

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In Re Yahoo! Litigation | Case No.: CV 06-2737 CAS (FMOx) |
| | **DECLARATION OF JOSHUA D. SNYDER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY SETTLEMENT APPROVAL** |
| | **DATE:     September 21, 2009**<br>**TIME:     10:00 a.m.**<br>**PLACE:   Courtroom 5** |
| | Honorable Christina A. Snyder |

Joshua D. Snyder hereby declares as follows:

1.     I am a member of the law firm Boni & Zack LLC and am admitted to the bar of this Court *pro hac vice*. This declaration is submitted in support of Plaintiffs' Motion for Preliminary Settlement Approval.

2.      Attached as Exhibit A is a true and correct copy of the Settlement Agreement among Plaintiffs Crafts by Veronica, Mika's Wedding, and True Communication, Inc. d/b/a Metrodate.com and Defendant Yahoo! Inc. executed on September 16, 2009.

I declare under penalty of perjury that the foregoing is true and correct.

_Joshua D. Snyder_
Joshua D. Snyder

Dated:     September 16, 2009
           Bala Cynwyd, Pennsylvania

2

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE YAHOO! LITIGATION, | Master File No. CV 06-2737 CAS (FMOx) |
| | SETTLEMENT AGREEMENT |
| This Document Relates to All Actions | |

## SETTLEMENT AGREEMENT

Plaintiffs Crafts by Veronica, Mika's Wedding, and True Communication, Inc. d/b/a Metrodate.com, on their own behalf and on behalf of the Class, and Yahoo! Inc. hereby enter into this Settlement Agreement ("Agreement"), subject to the approval of the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Capitalized terms used in this Agreement shall have the meanings assigned immediately below.

## DEFINITIONS

1.      "Ad Placement Option" means a form of ad distribution controls that provides the option for Persons to designate whether or not Sponsored Search Yahoo! Ads in the U.S. Marketplace will appear on properties other than the web sites, website pages and all other forms of media, applications, and devices, of Premium Providers.

2.      "Agreement" means this Settlement Agreement.

3.      "Action" means the consolidated litigation captioned In re Yahoo! Litigation, United States District Court for the Central District of California, Western Division, Case No. CV-06-2737 CAS (FMOx), and all claims proceeding therein.

4.      "Claim Form" means the document substantially in the form attached hereto as Exhibit 1.

5.      "Claims Administrator" means that individual or entity selected to administer the claims notice process, subject to the Court's approval, as set forth in Paragraph 59 below.

6.      "Class" or "Class Persons" means all Persons who have purchased, directly or indirectly, Yahoo! Ads in the U.S. Marketplace during the Class Period.

7.       "Class Members" means all Persons within the definition of the Class who do not timely and properly exclude themselves from the terms of this Agreement pursuant to the exclusion process set forth in Paragraph 61.

8.     "Class Period" means from May 1, 2000, through and including the date the Court grants preliminary approval of this Agreement.

9.     "Class Representatives" means plaintiffs Crafts By Veronica, Mika's Wedding and True Communication, Inc. d/b/a Metrodate.com.

10.     "Confidential Agreement Regarding Opt Outs" means the document titled "Confidential Agreement Regarding Opt Outs" executed by counsel for the Parties concurrently with this Agreement.

11.     "Court" means the United States District Court for the Central District of California, Western Division.

12.     "Distribution Network" means the network of advertising channels, including without limitation all web sites, website pages and all other forms of media, applications, and devices, whether owned, operated, authorized, distributed or hosted by or for Yahoo!, Yahoo! Ad Partners or Subsyndicators, where Yahoo! Ads are or have been displayed, at any time, in any manner, for any reason, since May 1, 2000.

13.     "Effective Date" means the date by which this Agreement is fully approved as provided for herein and when the Court's Final Judgment becomes final (or, if applicable, when the court's amended final judgment becomes final as set forth below).  The Court's Final Judgment "becomes final" upon the expiration of time for appeal or review of such Final Judgment, or, if any appeal is filed, after such Final Judgment is affirmed on appeal in all material respects and is no longer subject to any appeal or further review.  In the event an appeal is filed but dismissed, then the Final Judgment "becomes final" after the dismissal is no longer subject to any appeal or further review.  If an appeal is filed and the Final Judgment is not affirmed in all material respects, and if the case is remanded to the Court for further consideration, and if the Court enters an amended final judgment with respect to which Yahoo! does not exercise its right to terminate and nullify the Agreement pursuant to Paragraph 65, the Court's amended final judgment "becomes final" upon the expiration of time for

appeal or review of such amended final judgment, or, if any appeal is filed, after such amended final judgment is affirmed on appeal in all material respects and is no longer subject to any appeal or further review.  In the event an appeal is filed but dismissed, then the amended final judgment "becomes final" after the dismissal is no longer subject to any appeal or further review.

14.    "Final Approval Hearing" means a hearing scheduled by the Court to determine the final fairness of the settlement embodied in this Agreement to the Class, provided that it grants preliminary approval and orders the Notice to be issued by the Claims Administrator, as provided for herein.

15.    "Final Judgment" means the Court's Final Judgment and Order of Dismissal, substantially in the form attached hereto as Exhibit 2.

16.    "Impression" means the dissemination, display, distribution, delivery, service, publication and/or other provision of Yahoo! Ads in the Distribution Network in any manner, for any reason.

17.     "Notice" means the Notice of Class Action Settlement substantially in the form attached hereto as Exhibit 3.

18.    "Paid Search Services" means services that deliver Yahoo! Ads.

19.    "Parties" means the Class Representatives and Yahoo!.

20.    "Person" or "Persons" means all natural persons and all entities including, but not limited to, corporations, sole proprietorships, partnerships, joint ventures or other entities or business associations of any kind in which a natural person may have a legal or equitable interest, together with any of their heirs, predecessors, successors, assigns, present and former partners, parents, subsidiaries, related entities, affiliated and sister corporations, divisions, officers, principals, owners, directors, minority or controlling shareholders, employers, employees, representatives or agents.

21.     "Plaintiffs' Co-Lead Counsel" means the counsel identified under the heading "Plaintiffs' Co-Lead Counsel" in Paragraph 74 below.

22.     "Premium Providers" means:  (a) all web sites and web pages (including any microsite), software applications and other properties on the Internet that are owned or operated by Yahoo!; and, at Yahoo!'s option, (b) all parts of the Distribution Network other than: (i) domain name parking sites; (ii) bulk registration sites; (iii) "pop-up" or "pop-under" windows; (iv) typosquatting sites; (v) "sliders"; (vi) "sidebars"; (vii) "injected ads"; or (viii) unsolicited spam email.

23.     "Refund" means twenty dollars ($20.00) in United States currency, provided to eligible class members who meet the requirements set forth in Paragraph 50 and the Claim Form.

24.     "Relate To" and  "Relating To" and "Related To" mean in any way directly or indirectly, concerning, referring to, arising out of, pertaining to, mentioning, discussing, describing, disclosing, confirming, supporting, evidencing, representing, or being connected with a stated subject matter or any aspect thereof.

25.     "Released Claims" means the claims released in Paragraph 51.

26.     "Settlement Website" means a website to be maintained by the Claims Administrator that contains information and documents pertaining to this Action and the settlement to facilitate implementation of the Agreement's requirements and notice to Class Members.

27.      "Sponsored Search" means that Yahoo! Paid Search Service offered under the brand name "Sponsored Search," and described in Yahoo!'s contracts with advertisers.

28.     "Subsyndicator" means a Person who displayed one or more Yahoo! Ads in the Distribution Network but who did not contract directly with Yahoo! to do so, whether due to a contractual relationship with a Yahoo! Ad Partner or otherwise.

29.   "Summary Notice" means the Summary Notice of Class Action Settlement substantially in the form attached hereto as Exhibit 4.

30.   "Unknown Claims" means any and all Released Claims that the Class Representatives or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of Yahoo!, which if known or suspected by him, her or it might have affected his, her or its decisions with respect to the Agreement and settlement of their claims.

30.   "U.S. Marketplace" means exclusively any or all of the 50 United States and 13 Canadian provinces and territories in which Yahoo! Ads may appear written in the English language.  Specifically excluded from this definition is the separate marketplace for Yahoo! Ads that may appear in any of the Canadian provinces and territories written in the French language.

31.   "Yahoo!" means Yahoo! Inc., its subsidiaries -- including without limitation Overture Services, Inc. (formerly known as GoTo.com, Inc.), which did business as Yahoo! Search Marketing -- together with their predecessors, related entities, affiliated and sister corporations, divisions, officers, principals, owners, directors, minority or controlling shareholders, employers, employees, representatives and agents.

32.   "Yahoo! Ad" or "Yahoo! Ads" means pay-per-click text advertising offered by Yahoo!.

33.   "Yahoo! Ad Partner" means a Person who contracted with Yahoo! to serve Yahoo! Ads, and who displayed one or more Yahoo! Ads in the Distribution Network.

34.   "Yahoo!'s Counsel" means Keats, McFarland & Wilson LLP.

## RECITALS

35.   Whereas, the Action was filed on May 4, 2006, originally captioned *Draucker Development and True Communication, Inc. d/b/a Metrodate.com, on*

1  *Behalf of Itself and All Others Similarly Situated, v. Yahoo!, Inc.; Overture Services,*
2  *Inc. and John Doe Companies, Inc. 1-100, Inclusive*, Case No. CV 06-2737 JFW.  A
3  related action entitled *Crafts by Veronica, 111 Montrose Street, Newark, NJ 07106-*
4  *2315 on Behalf of Itself and All Others Similarly Situated, v. Yahoo!, Inc.; Overture*
5  *Services, Inc. and John Doe Companies, Inc.*, Case No. 2:06-CV-1985, was filed on
6  May 1, 2006 in the United States District Court for the District of New Jersey.  The
7  Class Representatives consolidated their claims and filed a Consolidated Amended
8  Class Action Complaint on July 13, 2006.  Yahoo! moved to dismiss certain claims
9  for relief alleged in that complaint, which the Court granted in part and denied in part,
10 and which granted leave to amend.  The Class Representatives filed a Second
11 Consolidated Amended Class Action Complaint on November 20, 2006, which
12 contained causes of action for breach of contract, common counts, misrepresentation
13 and civil conspiracy, and violation of California Business and Professions Code §§
14 17200, *et seq.*  The Court granted in part and denied in part Yahoo!'s motion to
15 dismiss that complaint.  Yahoo! answered those claims in the Second Consolidated
16 Amended Class Action Complaint that were not dismissed.  The Class
17 Representatives filed a motion for class certification on March 7, 2008.  Yahoo! filed
18 its opposition to the motion for class certification on March 16, 2009.  The Parties
19 filed a Notice of Settlement in Principle and Stipulation Regarding Schedule on
20 Plaintiffs' Motion for Class Certification on June 25, 2009 and, by Order entered on
21 July 1, 2009, the Court took off calendar the class certification motion and all other
22 pending dates.

23         36.     Whereas, Yahoo! denies any wrongdoing whatsoever.  This Agreement
24 shall in no event be construed or deemed to be evidence of or an admission,
25 presumption or concession on the part of Yahoo! of any fault, liability, or wrongdoing
26 as to any facts or claims asserted in the Action (or any infirmity in the defenses it has
27 asserted or could assert in the Action), or any other actions or proceedings, and shall
28

not be interpreted, construed, offered, or received in evidence or otherwise used against Yahoo! in any other action or proceeding, whether civil, criminal or administrative.

37.    Whereas, likewise, this Agreement shall not be construed or deemed to be a concession by any Class Representative or Plaintiffs' Co-Lead Counsel of any infirmity in the claims asserted in the Action.

38.    Whereas, the Parties recognize that continued prosecution of this litigation would be protracted and expensive.

39.    Whereas, counsel for the Parties have conducted arm's length negotiations with the assistance of a Mediator, the Honorable Gary L. Taylor (Ret.), with respect to a resolution of the claims in the Action and to achieve relief that is consistent with the interests of the Class Members and that recognizes the strengths and weaknesses of the asserted claims and defenses.

40.    Whereas, Plaintiffs' Co-Lead Counsel have conducted an investigation Relating To the claims and the underlying events and transactions alleged in the Action.  Plaintiffs' Co-Lead Counsel conclude, in light of the substantial benefits the Agreement confers on the Class, the applicable law, the uncertainties in the outcome of this complex litigation and the expense and length of time necessary to prosecute the actions through trial and possible appeal, that the terms of the Agreement are fair, adequate and reasonable and that it is in the Class's interest that the Action be fully and finally settled as against Yahoo! on the terms set forth herein.  Yahoo! also believes that a settlement should be consummated as set forth herein.

41.    NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among the Parties, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and satisfaction of the conditions set forth herein, in consideration of the benefits flowing to the Parties hereto from the Agreement, that all Released Claims, shall be compromised,

settled, released and dismissed with prejudice, upon and subject to the foregoing and following terms and conditions:

## CERTIFICATION

42.    For purposes of settlement only, the Parties stipulate to certification of the Class, as follows:

*All Persons that purchased, directly or indirectly, Yahoo! Ads in the U.S. Marketplace from May 1, 2000, through and including the date the Court grants preliminary approval of this Agreement.*

43.    Certification of the Class shall not be treated as the adjudication of any fact or issue for any purpose other than this Agreement.  Should the settlement embodied in this Agreement not become final, for whatever reason, the fact that the Parties were willing to stipulate to certification of the Class as part of the settlement shall have no bearing on, and shall not be admissible in connection with, the issue whether a class should be certified in a non-settlement context in this Action or in any other action or proceeding.  Yahoo! expressly reserves its right to oppose class certification on any and all available grounds, including without limitation as set forth in Yahoo!'s pleadings filed in the Action, should the settlement embodied in this Agreement not receive final approval from the Court or should the Effective Date not occur.

## SETTLEMENT CONSIDERATION

44.    In consideration for the releases set forth below, and the dismissal with prejudice of the Action, Yahoo! shall provide the following settlement benefits to the Class.

45.    **The Ad Placement Option.**  Yahoo! will add the Ad Placement Option to its U.S. Marketplace for Sponsored Search.  Yahoo! will use commercially reasonable efforts to develop and launch the Ad Placement Option by the end of the first quarter of 2010, but in no event will Yahoo! launch the Ad Placement Option

later than the end of the third quarter of 2010.  Subject to Paragraph 48 below, Yahoo! agrees to maintain the Ad Placement Option in the U.S. Marketplace for Sponsored Search for not less than two years from the date the Ad Placement Option is launched. Yahoo! has no intention of eliminating the Ad Placement Option after the expiration of the two-year commitment.  However, the parties recognize that this business in particular evolves and changes dynamically and that a longer commitment may hinder Yahoo!'s ability to flexibly improve and change its business platform to keep pace with its competitors.  Should Yahoo! remove or materially alter the Ad Placement Option after two years from the date the Ad Placement Option is first made available, Yahoo! will provide its then-current Paid Search Services customers with individual notice of the removal or material alteration by email or, if electronic notice is returned as undeliverable, by postal mail.  Such notice shall be sent not less than thirty (30) days before such change occurs.  Such notice shall explain the reason(s) for the Ad Placement Option's elimination or modification, provide information about where Yahoo! Ads may be placed thereafter, and make clear that advertisers may at any time discontinue advertising with Yahoo!.

46.   **Enhanced Ad Placement Disclosures.**  Yahoo! will post on the "Traffic Quality" section of its website enhanced disclosures to advertisers about where their Yahoo! Ads may appear.  The disclosures will include the disclosures set forth in the form attached hereto as Exhibit 5.

47.   **Click Investigation Request.**  Yahoo! will modify its existing click investigation request tool to allow advertisers to submit questions or request investigations regarding Yahoo! Ad Partners and Subsyndicators.  The modification will include adding language to the Traffic Quality section of Yahoo!'s website notifying Yahoo! Ads customers that they can request investigations of partners, and the addition of an appropriate issue button and appropriate text fields to the Yahoo!

website page on which Yahoo! Ads customers can currently request click investigations.

48.     The Parties acknowledge that on July 29, 2009, Yahoo! and Microsoft Corporation entered into a binding letter agreement pursuant to which Yahoo! and Microsoft will negotiate definitive agreements that would, upon regulatory approvals and at full implementation, make Microsoft the exclusive paid search platform for Yahoo! ("Microsoft Transaction") for a ten year period.  Yahoo! is hopeful that regulatory approval of the Microsoft Transaction could occur in early 2010.  Full implementation of the Microsoft Transaction is estimated to occur within two years following the necessary regulatory approvals.  Yahoo! agrees to provide the Ad Placement Option on its own Paid Search Services platform for a period of two years from the date it first launches the Ad Placement Option and while it offers its own Paid Search Services platform, or through the date of full implementation of the Microsoft Transaction, whichever occurs first.  Yahoo! agrees to provide each of the benefits specified in Paragraphs 46 and 47 for a period of two years from the date each benefit is first made available, or through the date of full implementation of the Microsoft Transaction, whichever occurs first.  Yahoo! represents and warrants that the definitive agreements for the Microsoft Transaction will contain language to the effect that Microsoft will agree to implement ad distribution controls on the Microsoft paid search platform.  If any Class Members are transitioned to Microsoft's paid search platform earlier than two years from the launch of the Ad Placement Option by Yahoo! on the Yahoo Paid Search Services platform, and before Microsoft implements the ad distribution controls on its paid search platform, Yahoo will notify those affected Class Members, by reasonable means of its choosing, that ad distribution controls are not available at the time of their transition to the Microsoft paid search services platform.  To be clear, satisfaction of Yahoo!'s obligations in this Paragraph will fully satisfy Yahoo!'s obligations in Paragraphs 45-47.

49.   **Yahoo! Authorized To Make Additional Modifications.**  Subject to the provisions of Paragraphs 45-48, Yahoo! may at all times, in its sole discretion and without approval from anyone, make additional modifications to Yahoo! Ads policies, technology, platforms, functionality, procedures, marketing materials, web pages, disclosures (including without limitation the disclosures attached hereto as Exhibit 5), practices and agreements it deems appropriate, provided no such additional changes or modifications materially impair the meaning, value, scope or effectiveness of benefits conferred on the Class under this Agreement.

50.   **The Refund.**

a.   Yahoo! further agrees to provide a Refund to eligible Class Members.  A Class Member is "eligible" to receive the Refund if that Class Member: (i) cannot take advantage of the benefits set forth in Paragraphs 45-47 because the Class Member is no longer in business; and (ii) submits a timely, valid Claim Form.

b.   Within twenty (20) calendar days of the entry of an Order granting preliminary settlement approval, the Claims Administrator shall post the Claim Form on the Settlement Website.

c.   Any Class Member wishing to apply for the Refund must complete and submit the Claim Form online (or in paper form if the Class Member downloads the paper version of the Claim Form on the Settlement Website or requests such paper form from the Claims Administrator) not later than One Hundred Sixty (160) days from the date that the Claims Administrator first posts the Claim Form on the Settlement Website.  In the event a Class Member submits a paper Claim Form, the date of the postmark on the mailing envelope shall be the sole and exclusive method of determining whether the Claim Form was timely submitted.

d.   A Claim Form shall be considered valid only if:  i) the Person submitting the Claim Form owned, or held a controlling interest in, the Class Member at the time the Class Member went out of business; ii) when the Class Member went

out of business, it did not owe any money to Yahoo! Relating To Yahoo!'s Paid Search Services that remains unpaid; iii) the Class Member has completed all portions of the Claim Form in their entirety, dated the Claim Form, and certified the responses on the Claim Form under penalty of perjury; and iv) the information on the Claim Form matches Yahoo!'s account records for the Class Member.  Only one (1) Claim Form may be submitted for each Class Member.  In the event more than one (1) Claim Form is submitted for the same Class Member or the same Yahoo! Ads Client Identification number(s), only the first Claim Form submitted for that Class Member or Client Identification number(s) shall be valid.  If there is a conflict between the information on the Claim Form and Yahoo!'s records, then the Claims Administrator will notify the Class Member of the general nature of the conflict (e.g., the Client Identification number does not match Yahoo!'s records), and the Class Member will have one opportunity to attempt to resolve such conflict by resubmitting a new, fully completed Claim Form to the Claims Administrator within thirty (30) days of the date the Claims Administrator sent notification to the Class Member of the conflict.  The date of the online submission, or of the postmark on the envelope of a mailed submission, shall be the sole and exclusive method of determining whether the new Claim Form was timely submitted.

   e.  Subject to subparagraphs 50(j)-(m) below (regarding appealing to the Special Master), a Class Member failing to submit a valid, timely Claim Form, or a Class Member deemed by Yahoo! not eligible to receive the Refund based on the Class Member's submitted Claim Form, is barred from making any further claims against Yahoo! for or during the Class Period, including without limitation a claim that the Class Member was wrongfully denied the Refund.

   f.  If the Claims Administrator does not receive the Claim Form from the Class Member within the time period set forth above, the Class Member is barred from making any further claims against Yahoo! for or during the Class Period.

g.     Within sixty (60) days following the receipt of a Claim Form from the Claims Administrator, Yahoo! shall determine whether the Class Member who submitted the Claim Form is eligible to receive the Refund.

h.     Within sixty (60) days following its determination that a Class Member is eligible to receive the Refund, or within sixty (60) days of the Effective Date, whichever is later, Yahoo! shall issue the Class Member a check in the amount of twenty dollars ($20.00) in U.S. currency.  The check shall be mailed to the Class Member at the mailing address provided on the Class Member's Claim Form, or any updated mailing address provided to the Claims Administrator by the Class Member. In the event a check is returned to the Claims Administrator as undeliverable, the check shall be destroyed, and Yahoo! will owe no further obligation to the Class Member to whom the check was issued.

i.     Within sixty (60) days following its determination that a Class Member is not eligible to receive the Refund, or within sixty (60) days of the Effective Date, whichever is later, Yahoo! will send a "Notice of Denied Claim" to any Class Member who submits a Claim Form that (i) was not timely; (ii) was not valid; and/or, (iii) did not demonstrate eligibility to receive the Refund, stating the reason(s) that the claim was denied.  The Notice of Denied Claim shall be sent by email to all such Class Members whose email addresses are available to the Claims Administrator, otherwise by postal mail, with an email copy to Plaintiffs' Co-Lead Counsel.  Class Members who are denied a refund for the reasons above shall still be deemed Class Members and bound by all the terms of this Agreement and any Final Judgment.

j.     If a claim is denied because Yahoo! contends that the Class Member did not demonstrate eligibility for the Refund, that Class Member may have the denial reviewed by the Honorable Judge Gary L. Taylor (Ret.), who shall be appointed by the Court as a Special Master.  In the event that Judge Taylor is unable

or unwilling to act as a Special Master, Plaintiffs' Co-Lead Counsel and Yahoo!'s Counsel shall work together in good faith to select another Special Master.

        k.      Yahoo! will include a "Written Review Request" with the Notice of Denied Claim it sends to Class Members that Yahoo! deems ineligible.  Any Class Member seeking an independent review of Yahoo!'s denial of its claim must, within thirty (30) calendar days of the date as shown on the email or postmark of such mailing that Yahoo! emailed or mailed the Notice of Denied Claim**,** send by email or postal mail to the Claims Administrator a completed "Written Review Request," together with any documents or other evidence the Class Member wishes to include with such request.

        l.      If the Class Member does not send the Written Review Request within the time period set forth above, the Class Member is barred from making any further claims against Yahoo! for or during the Class Period.

        m.      If the Claims Administrator receives a timely and complete Written Review Request and any supporting evidence from a Class Member, it shall forward, within a reasonable period of time, the Written Review Request and any supporting evidence, and notify Yahoo! to forward documents related to Yahoo!'s review of the Class Member's Claim Form, to the Special Master for his review.  The Special Master shall conduct an independent review, limited solely to the Written Review Request and any supporting evidence submitted by the challenging Class Member, and the materials Yahoo! considered in issuing its denial of a Refund.  The Special Master shall provide Yahoo!, the Class Member, the Claims Administrator and Plaintiffs' Co-Lead Counsel with a written determination as to the eligibility of the Class Member to receive the Refund.  The Special Master's decision shall be final, binding, and not reviewable.  Any Class Member the Special Master determines is not eligible to receive a Refund is barred from making any further claims against Yahoo! Relating To the denial of the Refund.

**RELEASES AND INJUNCTION**

51.     Upon the Effective Date and thereafter, the Class Representatives and
Class Members shall, pursuant to the Final Judgment, be deemed to have released and
forever discharged, and shall forever be enjoined from filing, commencing,
prosecuting, intervening in, participating in, assisting or otherwise facilitating in any
Court or forum whatsoever any and all claims, causes of action, demands, rights, liens,
obligations, suits, appeals, sums of money, accounts, covenants, contracts,
controversies, attorneys' fees and costs, expenses, losses, damages, judgments, orders,
promises whatsoever, known or unknown, matured or unmatured, suspected or
unsuspected, concealed or hidden, whether sounding in law, equity, bankruptcy, or in
any other forum, from January 1, 2000 through and including the date the Court grants
preliminary approval of this Agreement, that have been or could have been asserted in
the Action.  This release includes without limitation any and all claims Relating To
any and all disclosed and undisclosed domain parking sites and pages, typosquatting
sites and pages, bulk-registered domain name sites and pages, software applications,
downloadable applications, pop-ups, pop-unders, "sliders," "sidebars," "injected ads,"
adware, spyware, malware, malicious software, error implementations and pages, and
e-mail campaigns, within the Distribution Network, whether based on any common
law, statute, regulation, labeling requirements, or other legal or regulatory authority.
This release also includes without limitation any and all claims Relating To
Impressions within the Distribution Network that the Class Representatives have
alleged in any way and for any reason:  (a) resulted in Impressions or clicks that have
no value or have negative value to Class Persons; (b) resulted in Impressions, clicks or
charges that Class Persons did not bargain for or did not authorize by contract or
otherwise; (c) resulted in Impressions, clicks or charges that violated or were
otherwise inconsistent with the implied covenant of good faith and fair dealing; (d)
resulted in clicks that have lesser value to Class Persons such that Class Persons

should have been charged a discounted, reduced, or otherwise lower rate for those clicks, including without limitation clicks for which Yahoo! charged Class Persons the rate for Sponsored Search advertising when it should have charged them the rate for Content Match advertising, and clicks for which the market price was lower than what a Class Person was charged; (e) resulted in untargeted Impressions, clicks or traffic; (f) resulted in Impressions in untargeted banner ads; (g) resulted in random Impressions or Impressions that appeared other than in response to one or more keywords selected by Class Persons; (h) resulted in low quality Impressions or Impressions on low quality sites or in low quality locations on the Internet; (i) resulted in Impressions on, or clicks originating from, sites or pages that lack any bona fide content or any content at all; (j) resulted in Impressions on, or clicks originating from, sites or pages that lack any search functionality; (k) resulted from syndication fraud, manipulation by Yahoo!, or self-targeting; (l) resulted from any exploitation of a Class Person's Internet domain name, Uniform Resource Locator, trademark, label, brand name, trade name, slogan, description, product name or other identifier; (m) resulted in Impressions being displayed to, or resulted in clicks by, uninterested, low quality or low value Internet users, including without limitation Internet users who did not conduct a search or view content related to a Yahoo! Ad that appeared in an Impression, or Internet users who did not conduct a search or view bona fide content, or any content at all; and (n) resulted in Impressions that were inconsistent with any representations or promises made by Yahoo! Relating To Paid Search Services.

52.     Upon the Effective Date, the Class Representatives and Class Members shall be deemed to have covenanted not to sue or otherwise make any claim against Yahoo! that is in any way Related To the Released Claims.

53.     Except as explicitly provided herein, nothing in this Agreement abrogates, supersedes, modifies, or qualifies in any way any of the contractual terms and conditions applicable in the ordinary course of business to the relationship

between Yahoo! and the Class Representatives or any other Class Members, or to the services provided by Yahoo! and purchased by the Class Members.

54.     Yahoo! hereby releases the Class Members, Class Representatives, Plaintiffs' Co-Lead Counsel, other plaintiffs' counsel and plaintiffs' experts from any and all actions Related To the prosecution of the Action.  The foregoing sentence notwithstanding, Yahoo! does not release and in fact retains any claim(s) it may otherwise have against any Class Representative or Class Member, including without limitation claims arising from unpaid amounts, charges due or monies owed Yahoo!.

55.     With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Class Representatives and all Class Members shall be deemed to have, and by operation of the Final Judgment shall have:  (a) acknowledged that Unknown Claims may exist and that they may later discover such Unknown Claims through the discovery of facts in addition to or different from those they now know or believe to be true regarding the subject matter of this Agreement; (b) agreed that no Unknown Claims would have materially affected their decisions with respect to this Agreement or settlement of their claims; and (c) expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Class Representatives acknowledge, and other Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the settlement embodied in this Agreement.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF SETTLEMENT, APPROVAL OF SETTLEMENT & SETTLEMENT IMPLEMENTATION

56.     The Parties agree to the following procedures for obtaining preliminary Court approval of the settlement, certifying the Class, notifying the Class, obtaining final Court approval of the settlement, and implementing the settlement.

57.     **Preliminary Approval Hearing**.  The Court will hear the Class Representatives' motion for preliminary approval of the Agreement on such date and time as the Court may order.  In conjunction with the Preliminary Approval Hearing, Plaintiffs' Co-Lead Counsel will submit this Agreement and Exhibits hereto. Plaintiffs' Co-Lead Counsel will also file a motion for preliminary settlement approval and supporting papers, including a proposed Order Granting Preliminary Settlement Approval substantially in the form attached hereto as Exhibit 6.

58.     **Class Action Fairness Act**.  Yahoo! will arrange for service of notice of this Agreement that meets the requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, on the appropriate federal and state officials not later than ten calendar days after the Agreement is filed with the Court, and Yahoo! shall bear the costs of such notice.  In the event that any state or the federal government opts out of the settlement as a consequence of the Class Action Fairness Act notice process, or in the event that any state or the federal government elects to join the Action and amend the operative complaint, Yahoo! may terminate and nullify this Agreement as provided in Paragraph 65, or may elect to proceed as if no such opt-out had occurred.

59.     **Claims Administrator and Notice to Class.**

a.     A Claims Administrator proposed by the Parties and appointed by the Court shall be responsible for preparing and sending, as set forth below, the Notices attached hereto as Exhibits 3 and 4, keeping records of Class Persons who opt

out of the settlement, and such other tasks as the Parties mutually agree that the Claims Administrator should perform.

b.     No later than twenty (20) calendar days after entry by the Court of an order granting preliminary approval of the settlement, the Claims Administrator shall send a copy of the Notice to all Class Persons via electronic mail ("email") using the email addresses in Yahoo!'s electronic records that the Class Person supplied to Yahoo! in connection with the Yahoo! Ads.  At the request of Plaintiffs' Co-Lead Counsel, and no later than five (5) days prior to the date plaintiffs' motion for final settlement approval must be filed, Yahoo! shall provide a declaration that it used best efforts to compile a complete and accurate list of the email addresses Class Persons provided to Yahoo! in connection with their Yahoo! Ads accounts.

c.     In the event that such electronic notice is returned as undeliverable to the Claims Administrator, the Claims Administrator will, no later than twenty (20) calendar days after the date on which the notice was returned, send a copy of the Notice to that Class Person via the United States Postal Service using the physical mailing address, if any, in Yahoo!'s electronic records that the Class Person supplied to Yahoo! in connection with the Yahoo! Ads.  No skip trace or re-mailing of returned mail shall be required.

d.     The Claims Administrator also shall cause the Summary Notice to be published in the international and national editions of *U.S.A. Today* no later than twenty (20) calendar days after entry by the Court of an order granting preliminary approval of the settlement.

e.     In addition, the Claims Administrator shall maintain the Settlement Website, which shall contain up-to-date information regarding the status of the approval process, important dates and deadlines, the Claims Administrator's contact information, the online Claim Form, a downloadable and printable paper version of the Claim Form, the Notice, Settlement Agreement, Written Review Request, and any

1   additional information Plaintiffs' Co-Lead Counsel reasonably believes is in the

2   Class's interest to review, provided Yahoo! approves any such additional material,

3   such approval not to be unreasonably withheld or delayed.  The Settlement Website

4   shall remain active until the later of the Effective Date or the payment of all Refunds

5   to eligible Class Members.

6        f.      Any claim or demand by Class Members or Class Persons against

7   Yahoo! or the Claims Administrator Relating To its or their performance of the

8   responsibilities set forth in Paragraphs 58 and/or 59(a)-(e) shall be limited to seeking,

9   as the sole and exclusive remedy, the specific performance of these responsibilities,

10  notwithstanding the availability or adequacy of any other remedies at law or equity.

11       60.    **Procedure for Objecting to Class Action Settlement.**

12       a.      Class Members who wish to object to the settlement must file with

13  the Court and serve on counsel for the Parties a written statement objecting to the

14  settlement.  Such written statement must be filed with the Court and served on

15  Plaintiffs' Co-Lead Counsel and Yahoo!'s Counsel at the addresses specified in

16  Paragraph 74 below no later than sixty (60) calendar days after the Claims

17  Administrator first emails the Notice.  No Class Member shall be entitled to be heard

18  at the Final Approval Hearing, whether individually or through counsel, unless written

19  notice of the Class Member's intention to appear at the Final Approval Hearing shall

20  have been timely filed with the Court and served on counsel for the Parties.

21       b.      Any objection must contain: (i) the objector's name, address and

22  Yahoo! Ads Client Identification number(s); (ii) a statement whether the objector

23  intends to appear at the Final Approval Hearing, either in person or through counsel,

24  and, if through counsel, identifying counsel by name, address, and phone number; and

25  (iii) a statement of the grounds for his, her, or its objection.

26       c.      The date of the postmark on the envelope containing the written

27  statement objecting to the settlement shall be the exclusive means used to determine

28

whether an objection and/or intention to appear has been timely submitted.  In the event a postmark is illegible, the date of mailing shall be deemed to be three days prior to the date reflected on the Court's file stamp.  Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be forever barred from making any objection to the Agreement and the proposed settlement by appearing at the Final Approval Hearing, appeal, by collateral attack, or otherwise.

61.   **Procedure for Requesting Exclusion from the Class**.

a.    Class Persons who wish to exclude themselves from the Class must submit a written statement requesting exclusion from the Class, following the procedure set forth in the Notice, no later than sixty (60) calendar days from the date the Claims Administrator first emails the Notice (the "Request for Exclusion").  Any Request for Exclusion must contain the Class Person's name, address and Yahoo! Ads Client Identification number(s).

b.    Any Request for Exclusion must be returned online or by postal mail to the Claims Administrator at the address specified in the Notice not later than sixty (60) calendar days from the date the Claims Administrator first emails the Notice.  The date of the online submission, or the postmark on the envelope containing the Request for Exclusion, shall be the exclusive means used to determine whether a Request for Exclusion has been timely submitted.  The Claims Administrator shall have the sole discretion and authority to determine whether a Request for Exclusion is submitted timely, including in the event that a postmark is illegible, and its decision in that regard shall be final, binding, and not reviewable.

c.    Any Class Person who timely and properly requests exclusion will not be bound by the settlement and shall not have any right to object, appeal or comment thereon.  Class Persons who fail to submit a valid and timely Request for

Exclusion shall be bound by all terms of the Agreement and any Final Judgment entered in this Action if the Agreement is approved by the Court.

62.     **No Solicitation of Settlement Objections or Exclusions**.  At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members to submit written objections to the settlement, or Class Persons to request exclusion from the settlement, or encourage an appeal from the Court's Final Judgment.  None of the Parties shall initiate unsolicited contact with any Class Person.

63.     **Final Settlement Approval Hearing and Entry of Final Judgment.**  A Final Approval Hearing shall be conducted to determine final approval of the settlement.  Upon final approval of the settlement by the Court at or after the Final Approval Hearing, the Parties shall present a Final Judgment to the Court for its approval and entry, substantially in the form attached hereto as Exhibit 2.

64.     **Costs of Notice and Administration**.  The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration of the settlement. Yahoo! shall pay any costs of issuance of the Notice and settlement administration, including fees owed to the Claims Administrator and to the Special Master, all of which Yahoo! shall have exclusive authority to negotiate.  Plaintiffs' Co-Lead Counsel shall be provided with access to claims information upon reasonable notice.

65.     **Termination**.  Yahoo! shall have the right to terminate and nullify this Agreement if any of the following events occurs:

a.      the Court does not enter an order granting preliminary approval of the settlement, as provided herein;

b.      the Court does not enter an order granting final approval of the settlement, as provided herein;

c.      the Court does not enter a Final Judgment that is materially the same as the form attached hereto as Exhibit 2;

d.      Class Persons whose total payments to Yahoo! for Yahoo! Ads comprise more than the percentage amount set forth in the Confidential Agreement Regarding Opt Outs request exclusion from the settlement;

e.      the Court requires Yahoo! to provide any class benefit other than those listed in Paragraphs 45-48 above;

f.      the Court requires material alteration of any provision of the Agreement for the settlement to be approved, including without limitation, the releases set forth in Paragraphs 51-55;

g.      any state or the Federal government opts out of the settlement as a consequence of the Class Action Fairness Act notice process;

h.      any state or the Federal government elects to join the Action and amend the operative complaint; or

i.      the Court orders Yahoo! to pay an award of attorneys' fees, expenses, and Class Representative service awards that in the aggregate is greater than $4.3 million.

66.      Yahoo! shall give written notice to Plaintiffs' Co-Lead Counsel of its intent to terminate and nullify the Agreement within thirty (30) calendar days after receiving notice that any of the foregoing events other than subparagraph 65(d) above has occurred.  Yahoo!'s notice obligations with respect to subparagraph 65(d) are set forth in the Confidential Agreement Regarding Opt Outs.  In the event Yahoo! exercises its right to terminate and nullify the Agreement, the Parties shall be returned to their respective positions as of the date and time immediately prior to the execution of this Agreement, and the Parties shall proceed in all respects as if this Agreement had not been executed.

67.      **Delay of Administration Pending Appeal**.  In the event one or more appeals are filed from the Court's Final Judgment, or any other appellate review is sought prior to the Effective Date, administration of the settlement shall be stayed

1   pending final resolution of the appeal or other appellate review as set forth in

2   Paragraph 13.  Nothing, however, shall prohibit Yahoo! from fulfilling any of its

3   obligations under Paragraphs 45-48 above, if in the exercise of its sole discretion it

4   chooses to do so.

5   ### ATTORNEYS' FEES AND EXPENSES

6        68.    If the Court grants preliminary approval of the settlement embodied by

7   this Agreement, Plaintiffs' Co-Lead Counsel shall submit a motion for approval of

8   and award of reasonable attorneys' fees, costs, and service awards to the Class

9   Representatives, to be heard at the Final Approval Hearing.  Plaintiffs' Co-Lead

10  Counsel shall seek an aggregate award not greater than $4.3 million.  Yahoo! will not

11  oppose or in any way undermine Plaintiffs' Co-Lead Counsel's motion or solicit

12  others to do so.  The Parties negotiated this settlement term only after all of the

13  substantive settlement terms were resolved.

14       69.    Within thirty (30) court days after the entry of Final Judgment by the

15  Court, Yahoo! will deposit the Court-approved amount of attorneys' fees, costs, and

16  Class Representative service awards, into an interest bearing account in Yahoo!'s

17  name until the Effective Date.  Plaintiffs' Co-Lead Counsel have specified that such

18  sum should be deposited into an interest bearing account at PNC Bank, and Plaintiffs'

19  Co-Lead Counsel expressly assume any and all risk of loss that may result from the

20  dissolution, bankruptcy, failure, nationalization, acquisition, Federal Deposit

21  Insurance Corporation seizure, or any other form of insolvency of PNC Bank.

22       70.    Within three (3) business days after the Effective Date, Yahoo! shall

23  instruct PNC Bank or its successor (if any) to transfer the sum approved by the Court,

24  plus all accrued interest, by wire transfer to the trust account of Boni & Zack LLC.

25  Plaintiffs' Co-Lead Counsel shall distribute service awards in the amount approved by

26  the Court to each of the Class Representatives and shall distribute the remainder of the

27  monies plus all remaining accrued interest between or among plaintiffs' counsel as

28

1   Plaintiffs' Co-Lead Counsel shall determine in their sole discretion based on
2   plaintiffs' counsel's relative contributions to the prosecution and settlement of this
3   Action.

4          71.     Except as to its obligations under paragraphs 50, 58 and 64 (pertaining to
5   the Refund and the costs of Notice, Claims Administration and the Special Master),
6   deposit of the Court approved award into the account at PNC Bank shall constitute
7   full satisfaction of Yahoo!'s obligation to pay any amounts to any Person, attorney or
8   law firm for attorneys' fees, or costs and expenses incurred in the Action on behalf of
9   the Class Representatives and the Class, and shall relieve Yahoo! and Yahoo!'s
10  Counsel of any and all other claims or liability to any Person, attorney or law firm for
11  any attorneys' fees, expenses, awards and/or costs to which any of them may claim to
12  be entitled with respect to the Action, including without limitation for representation
13  of Class Representatives and the Class.  Once Yahoo! has deposited the Court-
14  approved sum into the account at PNC Bank, its sole and exclusive remaining
15  obligation with respect to the payment, distribution or allocation of attorneys' fees,
16  expenses, awards and/or costs resulting from this Action shall be to instruct PNC
17  Bank or its successor (if any) any to transfer the Court-approved sum plus all accrued
18  interest by wire transfer to the trust account of Boni & Zack LLC within three (3)
19  business days of the Effective Date as discussed in this paragraph.  Yahoo!'s
20  instruction to PNC Bank or its successor (if any) to make that transfer shall release
21  Yahoo! for any and all attorneys' fees, expenses, awards and/or costs resulting from
22  this Action, regardless of whether the instruction is carried out.  In the event PNC
23  Bank no longer exists and has no known successor, Yahoo! shall be released for any
24  and all attorneys' fees, expenses, awards and/or costs resulting from this Action as of
25  the date it gives notice to Plaintiffs' Co-Lead Counsel that PNC Bank no longer exists
26  and has no known successor.

27

28

## **ADDITIONAL PROVISIONS**

72.   **Best Efforts**.  The Parties agree to cooperate in good faith and use their best efforts to effectuate all their respective obligations under the Agreement, including obtaining preliminary and final settlement approval, final certification of the Class for settlement purposes only, and all steps that may be necessary in order to reach the Effective Date, and to do so as quickly and efficiently as practicable.

73.   **Limited Admissibility of Agreement**.  Regardless whether the Court approves this Agreement, neither this Agreement nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall in any event be construed as, offered or admitted in evidence as, received as, or deemed to be an admission for any purpose adverse to the Class Representatives or Yahoo! (including, but not limited to, as evidence of an admission, concession, presumption or indication by or against Yahoo! of any liability, fault, wrongdoing, omission, concession or damage) in the Action or in any other action or proceeding, except for the sole purposes of settling this Action pursuant to this Agreement, effectuating the terms of this Agreement, and enforcing the releases in this Agreement.  Notwithstanding the foregoing restrictions in this paragraph, if the Court approves this Agreement, Yahoo! may file this Agreement and Final Judgment (if and when such Final Judgment is entered) in any action that may be brought against it in order to support a defense, counterclaim or cross claim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense, counterclaim or cross claim.

74.   **Notices.**  Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the date of electronic mailing.  Postal mailing will be provided as well, addressed as follows:

Plaintiffs' Co-Lead Counsel

Michael J. Boni
Joshua D. Snyder
Boni & Zack LLC
15 Saint Asaphs Road
Bala Cynwyd, PA  19004
mboni@bonizack.com
jsnyder@bonizack.com


Michael D. Donovan
Donovan Searles, LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
mdonovan@donovansearles.com

Yahoo!'s Counsel

Larry W. McFarland, Esq.
Dennis L. Wilson, Esq.
Keats McFarland & Wilson LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, CA 90212
lmcfarland@kmwlaw.com
dwilson@kmwlaw.com

75.  **Privacy of Documents and Information.**  The Parties and all counsel agree that all orders and agreements regarding the confidentiality of documents and information remain in effect and all Parties and counsel remain bound to comply with them.  Within thirty (30) calendar days of the Effective Date, the Parties agree that they will (a) return all hard drives, discs or any other physical media produced in connection with this Action to counsel for the Party that produced said hard drives, discs or other physical media; and (b) provide a declaration to counsel for the opposing Party that all electronic and hard copies of all of the documents produced to the Party in connection with this Action have been destroyed, and that said documents and information shall not be used for any purpose whatsoever.  Nothing contained in

this Agreement or any order of the Court related to this Agreement, nor any act required to be performed pursuant to this Agreement or any order of the Court related to this Agreement is intended to constitute, cause, or effect any waiver (in whole or in part) of any attorney-client privilege, work product protection or any other privilege or protective doctrine afforded by law.

76.     **Exhibits and Headings.**  The terms of this Agreement include the terms set forth in the attached Exhibits, which are incorporated by this reference as though fully set forth herein.  Exhibits to this Agreement are an integral part of the settlement. The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Agreement.

77.     **Defined Terms.**  Terms defined in this Agreement shall have their defined meanings whenever and wherever they occur herein (including in Exhibits).

78.     **Materiality.**  The Parties have negotiated all of the terms and conditions of this Agreement at arm's-length.  All terms, conditions, and exhibits in their exact form have been individually negotiated and bargained for at arm's-length, are material and necessary to this Agreement, and have been relied upon by the Parties in entering into this Agreement.

79.     **Interim Stay of Proceedings.** The Parties agree to stay all proceedings in the Action, except such proceedings necessary to implement and complete the settlement, pending the entry of Final Judgment.

80.     **Amendment or Modification.**  This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties.

81.     **Waiver of Compliance.**  Any failure of any Party to comply with any obligation, covenant, agreement, or condition herein may be expressly waived in writing, to the extent permitted under applicable law, by the Party or Parties entitled to the benefit of such obligation, covenant, agreement, or condition.  A waiver or failure to insist upon compliance with any representation, warranty, covenant, agreement, or

1  condition, shall not operate as a waiver of, or estoppel with respect to, any subsequent

2  or other failure.

3      82.  **Entire Agreement.**  This Agreement and the attached Exhibits, as well

4  as the Confidential Agreement Regarding Opt-Outs, constitute the entire agreement

5  among the Parties, and no oral or written representations, warranties or inducements

6  have been made to any Party concerning this Agreement, its Exhibits or the

7  Confidential Agreement Regarding Opt-Outs, other than the representations,

8  warranties and covenants contained and memorialized in such documents.  The Parties

9  acknowledge that during the negotiation of this Agreement, including the attached

10  Exhibits and the Confidential Agreement Regarding Opt-Outs, the Parties circulated

11  various term sheets and drafts of this Agreement, the attached Exhibits, and the

12  Confidential Agreement Regarding Opt-Outs containing various revisions, including

13  drafts that added and deleted certain language, terms and conditions.  In the event a

14  dispute arises between the Parties over the meaning or intent of this Agreement, the

15  attached Exhibits, or the Confidential Agreement Regarding Opt-Outs, the Parties

16  agree that prior drafts, notes, memoranda, discussions or any other oral

17  communications or documents regarding the negotiations, meaning or intent of this

18  Agreement, the attached Exhibits, and the Confidential Agreement Regarding Opt-

19  Outs shall not be offered or admitted into evidence.  Rather, the interpretation of such

20  documents shall be based only on the final language, terms and conditions set forth in

21  the fully executed Agreement, including the attached Exhibits, and the Confidential

22  Agreement Regarding Opt-Outs.

23      83.  **Communications with Class Members.**  Yahoo! reserves the right to

24  continue any and all ordinary-course-of-business communications with Class Persons

25  and Class Members.  Should it become evident in the course of any such

26  communication with Yahoo! that a Class Person or Class Member is inquiring

27  regarding the settlement memorialized in this Agreement, Yahoo! shall refer the

28

1  inquiry to, at its option, the Claims Administrator, the Settlement Website, Plaintiffs'

2  Co-Lead Counsel, or any combination of these resources.

3      84.   **Communications Regarding the Litigation.**  Prior to the Effective

4  Date, no Party or its respective representatives, including without limitation all experts

5  retained in the course of the Action, shall, directly or indirectly, make any

6  communications to the media, public, or any other person concerning this litigation or

7  the Action, the Agreement, and/or the Parties' compliance therewith, except for:  (a)

8  statements made to any court of competent jurisdiction in connection with enforcing

9  or effectuating the Agreement; (b) statements made to any court of competent

10  jurisdiction in support of the Agreement or necessary to effectuate the Agreement; (c)

11  statements necessary to respond directly to inquiries from Class Persons; and (d)

12  statements made by Yahoo! announcing, promoting and discussing the Ad Placement

13  Option.  The foregoing notwithstanding, from the date on which the motion for

14  preliminary approval has been filed until the Effective Date, the Parties may confirm

15  the terms of the Agreement in response to press inquiries, in private discussions, on

16  Plaintiffs' Co-Lead Counsel's firm websites, on Yahoo!'s websites and on the

17  Settlement Website, so long as the Parties speak only favorably about the settlement,

18  do not make statements that undermine approval of the settlement, and so long as the

19  Parties do not initiate contact with the press concerning the settlement.  All

20  obligations set forth in this Paragraph expire as of the Effective Date.

21      85.   **Authorization to Enter Agreement.**  The Parties warrant and represent

22  they are authorized to take all appropriate action required or permitted to be taken by

23  such Parties pursuant to this Agreement, to effectuate its terms, and to execute any

24  other documents required to effectuate the terms of this Agreement.  The Class

25  Representatives further warrant and represent that they have not designated,

26  hypothecated, transferred, or otherwise granted any interest in the Released Claims to

27  any other person or entity.  The Parties and their counsel will cooperate with each

28

other and use their best efforts to effect the implementation of the settlement.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the settlement, or on any supplemental provisions that may become necessary to effectuate the terms of the settlement embodied in this Agreement, the Parties shall mediate the disagreement before the Honorable Gary L. Taylor (Ret.).  The Parties shall not seek the Court's intervention until they have exhausted the mediation process before Judge Taylor.

86.     **No Third Party Beneficiaries.**  This Agreement is not intended to create any third party beneficiaries other than Class Members for whom a direct benefit is specifically provided hereunder.

87.     **Jurisdiction of the Court.**  The Court shall retain continuing and exclusive jurisdiction over the Parties to this Agreement, including all Class Members, and over the interpretation, implementation, administration and enforcement of this Agreement.

88.     **Cooperation and Drafting.**  The Parties agree and stipulate that this Agreement was negotiated on an arm's-length basis between parties of equal bargaining power.  The Agreement has been drafted jointly by Plaintiffs' Co-Lead Counsel and Yahoo!'s Counsel.  Accordingly, this Agreement shall be neutral, and no ambiguity shall be construed in favor of or against any of the Parties. The Parties expressly waive the presumption of California Civil Code section 1654 that uncertainties in a contract are interpreted against the party who caused the uncertainty to exist.

89.     **Invalidity of Any Provision.**  Before declaring any provision of this Agreement invalid, the Court shall first attempt to construe all provisions valid to the fullest extent possible consistent with applicable authority.

90.     **Waiver of Objections by Class Representatives.**  The Class Representatives agree not to opt out of or object to any of the terms of this Agreement.

91.  **Extensions of Time.**  The Parties may agree upon a reasonable extension of time for any deadline or date reflected in this Agreement, without further notice (subject to Court approval as to Court dates).

92.  **Fees Not a Penalty.**  No consideration or amount or sum paid, credited, offered, or expended by Yahoo! in its performance of this Agreement constitutes a penalty, fine, punitive damages or other form of assessment for any alleged claim against Yahoo!.

93.  **Collateral Attack.**  This Agreement shall not be subject to collateral attack by any Class Member at any time on or after the Effective Date.  Such prohibited collateral attacks shall include, but shall not be limited to, claims that a Class Member's claim was improperly denied, that the payment to a Class Member was improperly calculated, and/or that a Class Member failed to receive timely notice of the Agreement.

94.  **Counterparts.**  This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.  Facsimile and electronic signatures will be accepted if the original signature is provided within seven calendar days.  Any executed counterpart shall be admissible in evidence to prove the existence and contents of this Agreement.

95.  **Governing Law and Venue.**  All terms of this Agreement and the Exhibits hereto shall be governed by and interpreted according to the laws of the State of California without regard to conflict of law principles.  Any action or proceeding to

1  enforce the Agreement shall, pursuant to the Court's retention of jurisdiction with

2  respect to the settlement, be brought in this Court.

3

4  Dated: September 16, 2009          BONI & ZACK LLC

5

6

7                                    MICHAEL J. BONI

8                                    JOSHUA D. SNYDER
                                  15 Saint Asaphs Road

9                                    Bala Cynwyd, PA  19004

10  Dated: September ___, 2009        DONOVAN SEARLES, LLC

11

12

13                                    MICHAEL D. DONOVAN

14                                    1845 Walnut Street, Suite 1100
                                  Philadelphia, PA 19103

15

16                                    *Attorneys for Plaintiffs Crafts by Veronica,*
                                  *Mika's Wedding, and True*

17                                    *Communication, Inc. d/b/a Metrodate.com*

18

19  Dated: September ___, 2009        KEATS McFARLAND & WILSON LLP

20

21                                    LARRY W. McFARLAND

22                                    DENNIS L. WILSON
                                  CHRISTOPHER T. VARAS

23                                    9720 Wilshire Blvd.

24                                    Penthouse Suite
                                  Beverly Hills, CA  90212

25

26                                    *Attorneys for Defendants Yahoo! Inc. &*

27                                    *Overture Services, Inc.*

28

1  enforce the Agreement shall, pursuant to the Court's retention of jurisdiction with

2  respect to the settlement, be brought in this Court.

3

4  Dated: September ___, 2009          BONI & ZACK LLC

5

6

7  _____
   MICHAEL J. BONI

8  JOSHUA D. SNYDER
   15 Saint Asaphs Road

9  Bala Cynwyd, PA  19004

10 Dated: September /6, 2009          DONOVAN SEARLES, LLC

11

12 _____

13 MICHAEL D. DONOVAN
   1845 Walnut Street, Suite 1100

14 Philadelphia, PA 19103

15
   *Attorneys for Plaintiffs Crafts by Veronica,*
16 *Mika's Wedding, and True*
   *Communication, Inc. d/b/a Metrodate.com*
17

18

19 Dated: September ___, 2009          KEATS McFARLAND & WILSON LLP

20

21 _____
   LARRY W. McFARLAND

22 DENNIS L. WILSON
   CHRISTOPHER T. VARAS

23 9720 Wilshire Blvd.

24 Penthouse Suite
   Beverly Hills, CA  90212

25

26 *Attorneys for Defendants Yahoo! Inc. &*
   *Overture Services, Inc.*
27

28

1    enforce the Agreement shall, pursuant to the Court's retention of jurisdiction with
2    respect to the settlement, be brought in this Court.
3
4    Dated: September ___, 2009          BONI & ZACK LLC
5
6
7                                       MICHAEL J. BONI
                                        JOSHUA D. SNYDER
8                                       15 Saint Asaphs Road
                                        Bala Cynwyd, PA  19004
9
10   Dated: September ___, 2009          DONOVAN SEARLES, LLC
11
12
13                                      MICHAEL D. DONOVAN
                                        1845 Walnut Street, Suite 1100
14                                      Philadelphia, PA 19103
15
16                                      *Attorneys for Plaintiffs Crafts by Veronica,*
                                        *Mika's Wedding, and True*
17                                      *Communication, Inc. d/b/a Metrodate.com*
18
     Dated: September 16th, 2009         KEATS McFARLAND & WILSON LLP
19
20
21                                      LARRY W. McFARLAND
                                        DENNIS L. WILSON
22                                      CHRISTOPHER T. VARAS
23                                      9720 Wilshire Blvd.
                                        Penthouse Suite
24                                      Beverly Hills, CA  90212
25
26                                      *Attorneys for Defendants Yahoo! Inc. &*
                                        *Overture Services, Inc.*
27
28

# EXHIBIT 1

**CLAIM FORM**
*IN RE YAHOO! LITIGATION*

**This form must be submitted electronically or postmarked no later than _____, 2010.**

## CLASS MEMBER IDENTIFICATION

| | |
|---|---|
| Your Name: | |
| Business Name: | |
| Address 1: | |
| Address 2: | |
| City, State, Zip | |
| Email: | |
| Yahoo! Client ID | |

### CLAIM INFORMATION (*Note: Only one claim form per Client ID may be submitted*)

1. Do you certify that the business named above is no longer in business?
   ____ Yes; ____ No

2. When the business named above went out of business, did it owe any money to Yahoo! in connection with Yahoo!'s paid search services that remains unpaid?
   ____ Yes; ____ No

3. Did you own, or hold a controlling interest in, the business named above at the time it went out of business?
   ____ Yes; ____ No

## SUBMISSION TO JURISDICTION AND AGREEMENT WITH SETTLEMENT

I have received and read the Notice of Class Action Settlement ("Notice"). I submit this Claim Form under the terms of the proposed settlement described in the Notice. I also submit to the jurisdiction of the United States District Court for the Central District of California with respect to my claim as a Class Member and for purposes of enforcing the release of claims stated in the Settlement Agreement filed with the Court (the "Agreement"). I understand that the full and precise terms of the proposed settlement are contained in the Agreement. I agree to be bound by the Agreement and the release of claims contained therein. I further acknowledge that I am bound by the terms of any Final Judgment that may be entered in this class action. I agree to furnish additional information to support this claim if required to do so. **Please note: If you have any questions about the meaning of this paragraph, please contact Class Counsel, whose contact information is contained in the Notice.**

## CERTIFICATION

I declare under penalty of perjury under the laws of the United States that the foregoing information is true and accurate and that I am authorized to act on behalf of the business named above.


Date: _____          Signature: _____

# EXHIBIT 2

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In Re Yahoo! Litigation | Case No.: CV 06-2737 CAS (FMOx) |
| | **[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL** |
| | Honorable Christina A. Snyder |

This matter is before the Court pursuant to the motion for final class certification and final approval of a proposed class action settlement of the above-captioned case (the "Action") entered into between, on the one hand, Plaintiffs Crafts by Veronica, Mika's Wedding, and True Communication, Inc. d/b/a Metrodate.com ("Class Representatives"), and, on the other hand, defendant Yahoo! Inc. ("Yahoo!"). Plaintiffs, through Class Counsel, have moved for an Order approving the settlement of the Action in accordance with a Settlement Agreement dated _____ between Plaintiffs and Yahoo! (the "Settlement Agreement"). Having read and considered the Settlement Agreement and having held a hearing on the fairness of the proposed settlement, at which objectors to the Settlement could appear, and based upon familiarity with the files and proceedings in this matter, the Court finds that:

1.     Unless otherwise specified, all capitalized terms herein that are defined terms in the Settlement Agreement shall have the same meaning as in the Settlement Agreement.

2.     The Court preliminarily approved the Settlement Agreement by Order of _____ (the "Preliminary Approval Order").

3.     Notice of the proposed settlement has been timely disseminated in accordance with the terms of the Preliminary Approval Order, which authorized such notice.  Such notice is the best practicable notice to be provided under the circumstances and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and applicable standards of due process.

4.     The notice given to the Attorney General of the United States and the Attorneys General of the fifty States and the District of Columbia satisfied the notice requirements of 28 U.S.C. § 1715(b).

5.     The issues as to liability and remedies in the Action are issues as to which there are substantial grounds for difference of opinion, and the proposed settlement of the Action constitutes a resolution of those issues that is fair, reasonable and adequate to the Class certified herein.

Accordingly, it is hereby **ORDERED** as follows:

6.     The Settlement Agreement is approved as fair, reasonable and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure and in the best interest of the Class, and the parties are directed to consummate the Settlement Agreement in accordance with its terms.

7.     The following Class, provisionally certified in the Preliminary Approval Order dated _____, is now finally certified for purposes of the Settlement only:

**All Persons that purchased, directly or indirectly, Yahoo! Ads in the U.S. Marketplace from May 1, 2000, through and including the date the Court granted preliminary approval of the Agreement**.

8.     The Court finds that (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Class Representatives are typical of the claims of all Class

Members; (d) Class Representatives and Class Counsel have fairly and adequately protected and will fairly and adequately protect the interests of the Class; (e) common questions of law and fact predominate over questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

9.      The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the Class Representatives and all Class Members and as against Yahoo!.  There is no just reason for delay and the judgment of dismissal with prejudice as to Yahoo! shall be final.

10.     Upon the Effective Date and thereafter, the Class Representatives and Class Members shall, pursuant to this Final Judgment and Order of Dismissal, release and forever discharge, and shall forever be enjoined from filing, commencing, prosecuting, intervening in, participating in, assisting or otherwise facilitating any and all Released Claims against Yahoo! in any court or forum whatsoever.

11.     The Settlement Agreement and any proceedings taken pursuant thereto are not, and should not in any event be: (a) offered or received as evidence of a presumption, concession or admission on the part of any of Plaintiffs, Yahoo!, any Class Person, or any other person; or (b) offered or received as evidence of a presumption, concession or admission by any person of any liability, fault, wrongdoing or other dereliction of duty.

12.     Consummation of the Settlement shall proceed as described in the Settlement Agreement, and the Court hereby reserves jurisdiction over the subject matter and as to each party to the Settlement Agreement with respect to the interpretation and implementation of the Settlement Agreement for all purposes, including enforcement of any of the terms thereof at the instance of any party and resolution of any disputes that may arise relating in any way to, or arising from, the implementation of the Settlement Agreement or the implementation of this Order.

13.     Attached hereto is a list of Persons who timely excluded themselves from the Settlement.  Those Persons are not bound by any terms in this Order.

14.     Attorneys' fees and reimbursement of expenses to Class Counsel in the total amount of _____ are hereby approved and awarded.

15.     The Court approves service awards to the three Class Representatives, and each is awarded _____.

16.     Within three (3) business days after the Effective Date, Yahoo! shall instruct PNC Bank or its successor (if any) to transfer the sum approved by the Court, plus all accrued interest, by wire transfer to the trust account of Boni & Zack LLC.   Plaintiffs' Co-Lead Counsel shall distribute service awards in the amount approved by the Court in Paragraph 15 above to each of the Class Representatives and shall distribute the remainder of the monies plus all remaining accrued interest between or among plaintiffs' counsel, as Plaintiffs' Co-Lead Counsel shall determine in their sole discretion based on plaintiffs' counsel's relative contributions to the prosecution and settlement of this Action.

17.     Pursuant to the terms hereof, final judgment shall be entered as provided herein.


Dated: _____          _____

                                 HONORABLE CHRISTINA A. SNYDER
                                 United States District Judge

4

# EXHIBIT 3

## NOTICE OF CLASS ACTION SETTLEMENT

**TO:**    **ALL PERSONS THAT PURCHASED, DIRECTLY OR INDIRECTLY, YAHOO! PAY-PER-CLICK TEXT ADVERTISING IN THE U.S. MARKETPLACE**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO RECEIVE BENEFITS UNDER THE PROPOSED SETTLEMENT DESCRIBED IN THIS NOTICE.**

**I.     Why Did I Get This Notice?**

You received this Notice to inform you of a proposed class action settlement (the "Settlement") that may affect you.  The Settlement was entered into by the parties in an action entitled *In re Yahoo! Litigation*, Case No. CV-06-2737 CAS (C.D. Cal.) (the "Action").  The purpose of this Notice is to inform you that a class has been certified in the Action and to inform you of the terms of the Settlement.  You may have received this Notice because you were identified as a present or former pay-per-click advertising customer of Yahoo! Inc., Overture Services, Inc., or Goto.com, Inc. (collectively "Yahoo!").  This Notice explains your legal rights and how and by when you need to act.

**II.    What is a Class Action Lawsuit?**

In a class action, persons or business entities known as class representatives sue on behalf of persons or business entities with similar claims.  All of these persons or business entities make up the class and are called class members.  One Court then resolves the issues for all class members, except for those who exclude themselves from the class.  The Honorable Christina A. Snyder of the United States District Court for the Central District of California is presiding over this class action lawsuit.

**III.   What is this Class Action About?**

This class action was brought in 2006 by several Yahoo! pay-per-click search advertising customers.  They allege that customers contracted for targeted ad placements through two products, "Sponsored Search" and "Content Match" (and predecessor products provided by Overture and GoTo) and that Yahoo! breached its contract with its customers by allowing Yahoo! ads to be displayed in spyware, domain name parking sites (also known as bulk registration sites), pop-ups, pop-unders, and typosquatting sites. Plaintiffs brought claims for breach of contract, unjust enrichment, misrepresentation and civil conspiracy, and unfair business practices.

## IV.     Why is There a Settlement?

After several years of hard fought litigation, counsel for the parties negotiated the Settlement described in this Notice.  Those negotiations have included four mediations, the most recent of which was before the Honorable Gary L. Taylor, United States District Judge (Retired).

The Settlement was reached only after the parties conducted extensive pre-trial discovery.  During the course of the Action, Yahoo! produced over 1.5 million pages of documents and hundreds of gigabytes of data.  Yahoo! employees testified at deposition. In addition, the plaintiffs who brought the Action (referred to in this Notice as the "Class Representatives") produced documents to Yahoo! and testified at deposition.  In deciding to settle the Action, the Class Representatives and Class Counsel have taken into account the substantial expense and length of time necessary to prosecute the litigation through trial, post-trial motions and likely appeals, as well as the significant uncertainties in predicting the outcome of this complex litigation.

Class Counsel believe that the Settlement provides substantial benefits to the Class.  Class Counsel believe that the Settlement is fair, reasonable, adequate, and in the best interests of the Class.

Yahoo! believes that it has valid defenses to Class Representatives' claims and denies any liability or wrongdoing. Yahoo! has nevertheless entered into the Settlement to avoid further expense, inconvenience and the burden of drawn out litigation.

This Notice is not an expression of any opinion by the Court as to the merits of any claims or any defenses asserted by any party in the Action.

## V.     Who is a Class Member?

The Class consists of all individuals or entities that purchased pay-per-click text advertising (referred to in this Notice as "Yahoo! Ads") in the U.S. Marketplace, whether directly from Yahoo! or its predecessors Overture or GoTo.com, or indirectly from an advertising agent, at any time from May 1, 2000 until _____, 2009.

Pay-per-click text advertising includes the Yahoo! Search Marketing products currently known as "Sponsored Search" and "Content Match," as well as predecessor products provided by Overture and GoTo.

**Excluded From The Class Are Yahoo!, Overture or GoTo Customers That Did Not Purchase Pay-Per-Click Text Advertising in the U.S. Marketplace.  (For example, any Yahoo! customer that only purchased banner advertising, but not pay-per-click text advertising, is not part of the class.)  The "U.S. Marketplace" refers to Yahoo!'s ad "marketplace" covering the United States and English-speaking Canada.**

## VI.     What are the Settlement Benefits?

The Settlement Agreement is available on-line at www.inreyahoosettlement.com. A summary of the benefits to the Class is as follows:

### A.     "Ad Placement Option"

As a result of the Action, Yahoo! has agreed to develop and offer a new ad placement option (referred to in this Notice and in the Settlement Agreement as the "Ad Placement Option," but which may have a different name once launched) that will enable Yahoo! Ad customers to control where their Yahoo! Ads appear.  The Ad Placement Option will allow Yahoo! Ad customers to specify that their Sponsored Search ads should be displayed only on websites and other Internet properties owned or operated by Yahoo!, and the websites of certain "Premium" distribution partners.  In response to plaintiffs' claims in the Action, Yahoo! Ad placements by "Premium" distribution partners will be subject to limitations.  Please review paragraph 22 of the Settlement Agreement, which is available at www.inreyahoosettlement.com or from the Claims Administrator, for complete details about these limitations.

Yahoo! has agreed to make best efforts to launch the Ad Placement Option as early as the first quarter of 2010, but in no event later than September 30, 2010.  Before the Ad Placement Option is launched, Yahoo! will post additional information about the Ad Placement Option on the "Traffic Quality" portion of its website (http://searchmarketing.yahoo.com/trafficquality/index.php).

Yahoo! will maintain the Ad Placement Option for at least two years from the date of its launch, subject to the condition discussed in Paragraph D below.  Should Yahoo! decide to remove or materially alter the Ad Placement Option after the two-year commitment, Yahoo! will provide individual notice by email or postal mail to its then-existing Yahoo! Ad customers of the planned alteration or elimination of the Ad Placement Option.  The notice will explain why the Ad Placement Option is being eliminated or altered, and will remind its customers that they may discontinue advertising with Yahoo! at any time.

### B.     Enhanced Disclosures

Yahoo! will post enhanced disclosures on the "Traffic Quality" portion of its website (http://searchmarketing.yahoo.com/trafficquality/index.php) about where Yahoo! Ads may appear on the Internet.  These disclosures will provide information about the Ad Placement Option, including a link to a Yahoo! webpage with instructions for using the Ad Placement Option.

### C.     Enhancements to the Click Investigation Request Tool

Yahoo! will also modify its click investigation request tool to allow advertisers to ask questions or request investigations regarding certain Yahoo! advertising partners.

Yahoo! will also add language to the Traffic Quality section of Yahoo!'s website
notifying advertisers that they can request investigations of partners.

**D.      Potential Impact of Yahoo!-Microsoft Agreement**

On July 29, 2009, Yahoo! and Microsoft Corporation entered into a binding letter
agreement pursuant to which Yahoo! and Microsoft will negotiate definitive agreements
that would, upon regulatory approvals and at full implementation, make Microsoft the
exclusive paid search advertising platform for Yahoo! ("Microsoft Transaction") for a ten
year period.  Yahoo! is hopeful that regulatory approval of the Microsoft Transaction
could occur in early 2010.  Full implementation of the Microsoft Transaction is estimated
to occur within two years following the necessary regulatory approvals.  Yahoo! agrees to
provide the Ad Placement Option on its own paid search advertising platform for a period
of two years from the date it first launches the Ad Placement Option and while it offers
its own paid search advertising platform, or through the date of full implementation of the
Microsoft Transaction, whichever occurs first.  Yahoo! agrees to provide each of the
benefits specified in Paragraphs VI.B and VI.C for a period of two years from the date
each benefit is first made available, or through the date of full implementation of the
Microsoft Transaction, whichever occurs first.  Yahoo! represents and warrants that the
definitive agreements for the Microsoft Transaction will contain language to the effect
that Microsoft will agree to implement ad distribution controls on the Microsoft paid
search platform.  If any Class Members are transitioned to Microsoft's paid search
advertising platform earlier than two years from the launch of the Ad Placement Option
by Yahoo!, and before Microsoft implements the ad distribution controls on its paid
search platform, Yahoo! will notify those affected Class Members that ad distribution
controls are not available at the time of their transition to the Microsoft paid search
services platform.

For more information concerning the Yahoo!-Microsoft agreement as it relates to
the Settlement, please review paragraph 48 of the Settlement Agreement, which is
available at www.inreyahoosettlement.com or from the Claims Administrator.

**E.      Refunds to Class Members Who Are Out of Business**

Yahoo! will pay a $20 refund ("Refund") to eligible class members who are out of
business.

**In order to apply for a Refund, you must**: complete the Claim Form online at
www.inreyahoosettlement.com, or in paper form if you download the paper version of
the Claim Form on www.inreyahoosettlement.com or request a paper Claim Form from
the Claims Administrator, at the telephone number or address listed below.  A Claim
Form will be considered valid only if: (1) you owned, or held a controlling interest in, the
business that was a Yahoo! advertiser at the time it went out of business; (2) you did not
owe Yahoo! money in connection with your Yahoo! Ads account(s) when your company
went out of business; (3) you complete all portions of the Claim Form in their entirety,
date the Claim Form, and certify the accuracy of your responses under penalty of perjury,

including that you owned, or held a controlling interest in, the business at the time it went out of business; and (4) the information you provide on the Claim Form matches Yahoo!'s account records. **Your Claim Form must be submitted to the Claims Administrator by _____, 2010** [160 days after the Electronic Notice Date]**. Claim Forms submitted after _____, 2010 are invalid and will not be considered**.

If there is a conflict between your information and Yahoo!'s records, then the Claims Administrator will notify you of the basis for the conflict (for example, the Client Identification number does not match Yahoo!'s records), and you will have one opportunity to attempt to resolve the conflict by resubmitting a new, fully completed Claim Form to the Claims Administrator. The Claims Administrator will forward completed Claim Forms to Yahoo! for a determination of eligibility for a Refund. If Yahoo! determines that you are eligible, you will be sent a check in the amount of $20.00 by postal mail.

In the event Yahoo! determines that you are not eligible for a refund, Yahoo! will send a "Notice of Denied Claim," and you may seek an independent review of Yahoo!'s determination by a Special Master by submitting a "Written Review Request," which will be provided to you along with the Notice of Denied Claim. If you wish to seek an independent review of Yahoo!'s denial of your claim, you must, within thirty (30) calendar days of the date as shown on the email or postmark of Yahoo!'s sending the Notice of Denied Claim, send by email or postal mail the completed "Written Review Request," together with any documents or other evidence the class member wishes to include in such request, to the Claims Administrator. Paragraph 50(j)-(m) of the Settlement Agreement contains details concerning the Special Master's independent review.

> **F.     Yahoo! to Pay Costs of Notice, Claims Administration, Attorneys' Fees and Costs and Service Awards to the Class Representatives**

Yahoo! will pay the costs of notice and claims administration. Yahoo! will also pay the plaintiffs' attorneys' fees and costs, and service awards to the Class Representatives. Yahoo! will pay those fees, costs and service awards in addition to providing the other settlement benefits described above in Section VI.A through VI.E. Attorneys' fees, reimbursement of costs, and service awards to the Class Representatives must be approved by the Court.

## VII.    What am I Giving Up if I Participate in the Settlement?

The Settlement will release class members' Released Claims against Yahoo!. The complete definition of "Released Claims" is set out in the Settlement Agreement, which is available at www.inreyahoosettlement.com or from the Claims Administrator. In summary, and without limiting the definition of "Released Claims" set forth in the Settlement Agreement, Released Claims include any and all claims, causes of action, demands, rights, liens, obligations, suits, appeals, sums of money, accounts, covenants, contracts, controversies, attorneys' fees and costs, expenses, losses, damages, judgments,

orders, promises whatsoever, known or unknown, matured or unmatured, suspected or unsuspected, concealed or hidden, whether sounding in law, equity, bankruptcy, or in any other forum, from January 1, 2000 through and including _____, 2009, that have been or could have been asserted in the Action.  This release includes without limitation any and all claims concerning domain parking sites and pages; typosquatting sites and pages; bulk-registered domain name sites and pages; software applications; downloadable applications; pop-ups; pop-unders; "sliders"; "sidebars"; "injected ads"; adware; spyware; malware; malicious software; error implementations and pages; e-mail campaigns; clicks that result from self-targeting; untargeted or random placements within the Distribution Network; ads displayed on sites or pages that lack any bona fide content, or any content at all; or ads shown to Internet users who have not conducted a search or viewed bona fide content related to a Yahoo! pay-per-click text advertisement.

The Settlement will also release any and all claims that you (or the class representatives or any other class member) do not know or suspect to exist in your favor, even if knowledge of such a claim might have affected your decisions with respect to the Agreement and settlement with Yahoo!.

The release of Released Claims against Yahoo! includes the entities Yahoo! Inc., its subsidiaries – including without limitation Overture Services, Inc. (formerly known as GoTo.com, Inc.), which did business as Yahoo! Search Marketing – together  with their predecessors, related entities, affiliated and sister corporations, divisions, officers, principals, owners, directors, minority or controlling shareholders, employers, employees, representatives and agents.

Upon the Effective Date of the settlement, the Class Representatives and class members – and their heirs, predecessors, successors, assigns, present and former partners, parents, subsidiaries, related entities, affiliated and sister corporations, divisions, officers, principals, owners, directors, minority or controlling shareholders, employers, employees, representatives or agents – shall be deemed to have released and forever discharged, and shall forever be enjoined from filing, commencing, prosecuting, intervening in, participating in or otherwise facilitating any and all Released Claims against Yahoo! in any court or forum whatsoever.

## VIII.   Final Approval Hearing

The Court will hold a hearing ("Final Approval Hearing") on _____ at ____, at the United States Courthouse, 312 N. Spring St., Los Angeles, CA 90012, Courtroom No. 5.  The purpose of the Final Approval Hearing will be: (1) to determine whether the proposed Settlement is fair, reasonable and adequate to the Class and should be approved by the Court and, therefore, whether the Action should be dismissed, and (2) to consider the reasonableness of an application by Class Counsel for payment of attorneys' fees and reimbursement of costs incurred in connection with the Action and for service awards to the Class Representatives.

Your attendance is not required. Class Counsel are prepared to answer the Court's questions on your behalf.  If you or your lawyer wishes to attend the Final Approval Hearing, you may do so at your own expense.

**IX.    What are my Rights and Options as a Class Member?**

Class members have the following options:

**A.    Remain in the Class.**

If you wish to remain a member of the Class, you do not need to take any action. Class members will be represented by the Class Representatives and Class Counsel, unless you wish to be represented by counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, your counsel must file an appearance on your behalf on or before ____ [60 days from notice], and must serve copies of such appearance on the attorneys listed below.

If you remain in the Class, you will release the Released Claims against Yahoo!, as described above in Section VII.

**B.    Exclude Yourself from the Settlement.**

You may exclude yourself from the Class by following the instructions below.  If you exclude yourself from the Class, you will not be eligible to receive a Refund and will not be considered to have released any claims against Yahoo! under the Settlement.

You will be bound by all determinations and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless you submit a request for exclusion on or before _____ [60 calendar days from the date the Claims Administrator first mails the Notice].  You may exclude yourself online at www.inreyahoosettlement.com by completing the online opt-out form, or by sending an opt-out request to the Claims Administrator by postal mail.  The date of your online request, or the postmark on the envelope containing your mailed request, will determine whether your request for exclusion is timely.

To be effective, all items on the online opt-out form must be completed.  If you send in your request for exclusion by postal mail, you must include the business name, address and Yahoo! Ads Client ID number(s) of the Yahoo! advertiser seeking exclusion, indicate that you wish to be excluded from the Class, sign the request and mail it to:

<u>**Class Counsel:**</u>

Michael J. Boni
Joshua D. Snyder
Boni & Zack LLC
15 Saint Asaphs Road

Bala Cynwyd, PA  19004
mboni@bonizack.com
jsnyder@bonizack.com

Michael D. Donovan
Donovan Searles, LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
mdonovan@bonizack.com

**Yahoo!'s Counsel:**

Larry W. McFarland, Esq.
Dennis L. Wilson, Esq.
Keats McFarland & Wilson LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, CA 90212
lmcfarland@kmwlaw.com
dwilson@kmwlaw.com

###### C.      Appear and Object to the Proposed Settlement.

If you do not exclude yourself from the Settlement, you have the right to object to or comment on the Settlement and the request for attorneys' fees and costs and service awards to the Class Representatives.  If you wish to object to the Settlement, you must, on or before _____.  [60 days from notice], file your objection with the Court at:

Office of the Clerk
U.S. District Court for the Central District of California, Western Division
312 N. Spring Street
Los Angeles, CA 90012

You must also serve a copy of your objection by email or first class mail on Class Counsel and Yahoo!'s Counsel at the addresses listed above.

Any objection must contain:  (a) the objector's business name, address, and Yahoo! Ads Client ID number(s); (b) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying counsel by name, address, and phone number; and (c) a statement of the grounds for the objection.

You may appear at the hearing in person or, if you are represented by an attorney, your attorney may appear in person, and state why the Settlement or any part of the Settlement should not be approved.  However, you will not be entitled to be heard at the Final Approval Hearing, whether individually or through counsel, unless written notice of your intention to appear at the Final Approval Hearing is timely filed with the Court and

served on Class Counsel and Yahoo!'s Counsel.  The date of the postmark on the mailing envelope will determine whether an objection and/or notice of intention to appear is timely.

Unless you object as provided in this Notice, you will not be entitled to contest the terms and conditions of the Settlement, and anyone that does not object as provided in this Notice will be deemed to have given up the right to raise any such objections at the Final Approval Hearing or at any time in the future.

## X.      Do I have a lawyer representing my interests in these cases?

Yes. The Court has appointed the attorneys listed above, Michael J. Boni and Michael D. Donovan, to represent you and other class members.

## XI.     How Will the Lawyers be Paid?  Will Class Representatives Receive Service Awards?

Class Counsel will apply for attorneys' fees of $4,170,000, plus reimbursement of expenses of approximately $100,000, and for service awards to the three Class Representatives of $10,000 each.  Yahoo! has agreed to pay those fees, expenses and service awards, in the total amount of $4.3 million, in addition to providing the other settlement benefits described above in Section VI.  Attorneys' fees, reimbursement of costs, and service awards to Class Representatives must be approved by the Court.

## XII.    Where May I Obtain Further Information?

The Settlement Agreement, its attachments and the other legal documents that have been filed with the Court in this lawsuit contain more details about the Settlement, and are available online at www.inreyahoosettlement.com.  The documents are also available during regular office hours at the Office of the Clerk, U.S. District Court for the Central District of California, Western Division, 312 N. Spring Street, Los Angeles, CA 90012.  If you have questions about the Settlement, you may write to or call the Claims Administrator:

> In re Yahoo! Settlement Administrator
> c/o Rust Consulting, Inc.
> [Insert Address]
> 1-8XX-XXX-XXXX

You may also obtain further information regarding the Settlement by contacting Class Counsel at the contact information listed above.

# EXHIBIT 4

# SUMMARY NOTICE OF CLASS ACTION SETTLEMENT

**TO:    ALL PERSONS THAT PURCHASED, DIRECTLY OR INDIRECTLY, YAHOO! PAY-PER-CLICK TEXT ADVERTISING IN THE U.S. MARKETPLACE**

**YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.**

## <u>LEGAL NOTICE</u>

A proposed class action settlement (the "Settlement") may affect you.  The Settlement was entered into by the parties in an action entitled *In re Yahoo! Litigation*, Case No. CV-06-2737 CAS (C.D. Cal.) (the "Action").  This summary provides basic information about the Settlement.

**Who's Included?**

The Class consists of all individuals or entities that purchased, directly from Yahoo! Inc., Overture Services, Inc. or GoTo.com, Inc., or indirectly from an advertising agent, Yahoo! pay-per-click text advertising (referred to in this Summary Notice as "Yahoo! Ads") in the U.S. Marketplace at any time from May 1, 2000 until _____, 2009.

Pay-per-click search marketing advertising includes the Yahoo! Search Marketing products currently known as "Sponsored Search" and "Content Match," as well as predecessor products provided by Overture and GoTo.

**What Does the Settlement Provide?**

The Settlement, if Court-approved, will resolve all claims that have been asserted or could have been asserted against Yahoo! in the Action.  The Settlement provides multiple benefits to Class members.  The following is a summary of those benefits.

(1)    As a result of the Action, Yahoo! has agreed to develop and add, no later than the end of September 2010, a new ad placement option (referred to in this Summary Notice and in the Settlement Agreement as the "Ad Placement Option").  The Ad Placement Option will enable Yahoo! Ad customers to control where their Yahoo! Ads appear.  The Ad Placement Option will allow Yahoo! Ad customers to specify that their Sponsored Search ads should be displayed only on websites and other Internet properties owned or operated by Yahoo!, and the websites of certain "Premium" distribution partners.  In response to plaintiffs' claims in the Action, Yahoo! Ad placements by "Premium" distribution partners will be subject to limitations.

(2)    Yahoo! will pay a $20 refund to eligible class members who are out of business.  If you owned, or held a controlling interest in, an out-of-business Yahoo! Ads customer at the time it went out of business, and wish to apply for a refund, your Claim

Form must be submitted to the Claims Administrator by _____, 2010.  Claim Forms submitted after _____, 2010 are invalid and will not be considered.  See the full Notice for more details about refunds and instructions about how you may submit a Claim Form to apply for a refund.

       (3)     Yahoo! will post enhanced disclosures on the "Traffic Quality" portion of its website about where Yahoo! Ads may appear on the Internet.

       (4)     Yahoo! will also modify its click investigation submission tool to allow advertisers to ask questions or request investigations regarding certain Yahoo! advertising partners.

**What Should I Do?**

Please read the full Notice, which is available at www.inreyahoosettlement.com. Decide whether you should:

• Remain in the Settlement, and, if you are eligible, file a claim for a refund. Your Claim Form must be submitted to the Claims Administrator by _____, 2010. If you remain in the Settlement, you will be bound by the Court's rulings, including a release of your claims against Yahoo!, Overture, and GoTo.

• Object to or comment on the Settlement. You must object/comment in writing by _____ [**60 calendar days from the date the Claims Administrator first emails the Notice**], following the procedures set forth in the full Notice.

• Opt out of the Settlement and keep your right to sue Yahoo! individually. You must opt out online at www.inreyahoosettlement.com or in writing by _____ [**60 calendar days from the date the Claims Administrator first emails the Notice**], following the procedures set forth in the full Notice.

The Court has appointed counsel to represent the Class.  If the Settlement is approved, Class Counsel will request attorneys' fees and expenses, as well as service awards to the plaintiffs that brought the Action, that Yahoo! has agreed to pay.  You may also hire your own attorney at your own cost.

The Court will determine whether to approve the Settlement at a Fairness Hearing on _____ at _____.

# <u>For Complete Information, Including the Full Notice</u>
## Visit: www.inreyahoosettlement.com
## Call:  1-8XX-XXX-XXXX
## Write: In re Yahoo! Settlement Administrator
## c/o Rust Consulting, Inc.
## [Insert Address]

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE FOR INFORMATION.**

# EXHIBIT 5

## Where Your Ads Appear

[Yahoo! may include other text and examples in addition to those listed below.]

Here are some examples of where your Sponsored Search ads may appear:

**Domain Implementations**

Yahoo!'s Domain Match serving technology finds term suggestions (topics) and sponsored ads relevant to undeveloped domain names, unregistered domain names, and other unresolvable URL strings that users type into the browser address bar.  Domain Match relates to advertisements displayed on the landing page associated with a particular domain, where the domain name itself is analogous to a search query (such as www.example.com being similar to the search "example"), and thus is part of the Sponsored Search marketplace.  This type of implementation helps drive additional users to your website – namely, those users who commonly navigate by typing a specific URL into a browser address bar, rather than by using a search box.

**Exit Traffic**

In this implementation, a browser window is launched under the main browser window as a user navigates away from a website; this "pop-under" window may contain keyword links (which take the user to a search engine results page showing Sponsored Search results), display ads, or other content.

**Network Distribution**

Yahoo! and its distribution partners implement Sponsored Search results in different ways, with frequent changes, and the list above is not exhaustive.  Recognizing that you may wish to set up campaigns targeted solely to Yahoo! traffic or to both Yahoo! traffic and traffic from our partner network, Yahoo! offers its customers Network Distribution,

which gives you control over where your ads are shown so that you can determine where best to place your ads across our network.  For more information on Network Distribution, click Here."

# EXHIBIT 6

1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

In Re Yahoo! Litigation

Case No.: CV 06-2737 CAS (FMOx)

**[PROPOSED] ORDER GRANTING PRELIMINARY SETTLEMENT APPROVAL**

Honorable Christina A. Snyder

14
15
16
17
18
19
20
21

This matter is before the Court pursuant to the motion of Plaintiffs in the above-captioned class action (the "Action") for preliminary approval of the settlement Plaintiffs reached with defendant Yahoo! Inc. ("Yahoo!").  Plaintiffs have moved for an order approving the settlement of the Action in accordance with the Settlement Agreement dated _____ between Plaintiffs and Yahoo! (the "Settlement Agreement").  Having read and considered the Settlement Agreement, and based upon familiarity with the files and proceedings in this matter, the Court finds that:

22
23
24
25
26
27
28

1.     The Action was commenced on May 4, 2006, and a Consolidated Amended Class Action Complaint was filed on July 13, 2006.  Class Representatives filed a Second Consolidated Amended Class Action Complaint on November 20, 2006, which contained causes of action for breach of contract, restitution/unjust enrichment/money had and received, misrepresentation and civil conspiracy, and violation of California Business and Professions Code §§ 17200, *et seq.*;

1

1    2.    Yahoo! has vigorously contested the allegations;

2    3.    Following extensive settlement discussions, including four

3  mediations, the most recent of which was supervised by the Honorable Gary L.

4  Taylor, United States District Judge (Retired), the parties have entered into a

5  Settlement Agreement that has been filed with the Clerk of the United States

6  District Court for the Central District of California;

7    4.    The Court has reviewed the Settlement Agreement and determined it

8  to be within the range of possible approval; and

9    5.    The Court has reviewed the notice provisions of Paragraph 59 of the

10  Settlement Agreement, and the forms of notice attached to the Settlement

11  Agreement as Exhibits 3 and 4, and the Court has determined that the form,

12  content and manner of dissemination of the notices constitute the best notice

13  practicable under the circumstances.

14    Accordingly, it is hereby **ORDERED** as follows:

15    6.    The motion is GRANTED.  The Settlement Agreement is hereby

16  preliminarily approved.  Unless otherwise specified, all capitalized terms herein

17  that are defined terms in the Settlement Agreement shall have the same meaning as

18  in the Settlement Agreement.

19    7.    The following Class is provisionally certified for settlement purposes

20  only:

21    **All Persons that purchased, directly or indirectly, Yahoo! Ads in the**

22    **U.S. Marketplace from May 1, 2000, through and including the date**

23    **the Court grants preliminary approval of the Agreement**.

24    8.    Plaintiffs Crafts by Veronica, Mika's Wedding, and True

25  Communication, Inc. d/b/a Metrodate.com are designated as Class Representatives.

26

27

28

2

9.     The Court appoints the following as Plaintiffs' Co-Lead Counsel: Michael J. Boni, Boni & Zack LLC and Michael D. Donovan, Donovan Searles LLC.

10.     A final settlement/fairness hearing shall be held on _____, 2009, at __:__ (the "Hearing") before the undersigned in Courtroom 5, United States District Court for the Central District of California, Western Division – Spring Street Courthouse, 312 N. Spring Street, Los Angeles, CA 90012.  The purpose of the Hearing shall be to determine:  (a) whether the terms and conditions of the proposed Settlement Agreement are fair, reasonable, and adequate; (b) whether to certify the Class for purposes of the settlement; and (c) whether the proposed Settlement Agreement should be approved by the Court and judgment entered thereon.  At the Hearing, or such adjourned date as the Court deems appropriate, Class Counsel and any interested person who has properly and timely filed a notice of objection to the Settlement Agreement (following the procedure set forth in the Notice (as defined below) and the Settlement Agreement) shall be heard on the fairness, reasonableness and adequacy of the terms of the Settlement Agreement and on Class Counsel's application for an award of attorneys' fees and reimbursement of expenses and for service awards to Class Representatives as set forth in the Settlement Agreement.

11.     The Court preliminarily approves the proposed Settlement Agreement, including the procedures for notice, requesting exclusion from the settlement, and objection, as described therein, as fair, reasonable, and in the best interests of the Class.

12.     The Court reserves the right to adjourn the Hearing or order any adjournment without further notice other than an oral announcement at or prior to the Hearing.  The Court also reserves the right to approve the proposed Settlement Agreement at or after the Hearing with or without modification as consented to by

3

the parties to the Settlement Agreement and without further notice to the Class. The Court shall retain jurisdiction to consider all applications arising out of or connected with the proposed Settlement Agreement.

13.    The Court approves as to form, content and method of dissemination the Notice of Class Action Settlement ("Notice") and the Summary Notice of Class Action Settlement (the "Summary Notice") substantially in the forms attached to the Settlement Agreement as Exhibits 3 and 4.

14.    The Court approves the form and content of the Claim Form substantially in the form attached to the Settlement Agreement as Exhibit 1.

15.    Rust Consulting, Inc. is approved to serve as Claims Administrator.

16.    No later than twenty (20) calendar days after entry of this Order, the Claims Administrator shall send a copy of the Notice to all Class Persons via electronic mail ("email") using the email addresses in Yahoo!'s electronic records that the Class Person supplied to Yahoo! in connection with the Yahoo! Ads.  In the event that such electronic notice is returned as undeliverable to the Claims Administrator, the Claims Administrator will, no later than twenty (20) calendar days after the date on which the notice was returned, send a copy of the Notice to that Class Person via the United States Postal Service using the physical mailing address, if any, in Yahoo!'s electronic records that the Class Person supplied to Yahoo! in connection with Yahoo! Ads.  No skip trace or re-mailing of returned mail shall be required.

17.    No later than twenty (20) calendar days after entry of this Order, the Claims Administrator also shall cause the Notice to be published in the national and international editions of *U.S.A. Today* as set forth in the Settlement Agreement.

18.    No later than twenty (20) calendar days after entry of this Order, the Claims Administrator shall post the Claim Form on the Settlement Website.  Any Class Member wishing to apply for the Refund must: complete and submit the

4

Claim Form online (or in paper form if the Class Member downloads the paper version of the Claim Form on the Settlement Website or requests such paper form from the Claims Administrator) not later than One Hundred Sixty (160) days from the date that the Claims Administrator first posts the Claim Form on the Settlement Website.

19.     At least ___ court days prior to the Hearing, the Claims Administrator shall certify compliance with the provisions of paragraphs 16, 17, and 18 of this Order by declaration describing the aforementioned electronic mailings, postal mailings and publications.

20.     At least ___ court days prior to the Hearing, Class Counsel shall file with the Court a motion for final settlement approval and supporting papers, and an application for attorneys' fees and reimbursement of expenses and for service awards to Class Representatives and supporting papers.

21.     The form and method of Notice and Summary Notice specified in the Settlement Agreement are hereby approved and determined to be the best notice practicable under the circumstances, and the Court finds that the Notice and Summary Notice comply with the requirements of Rule 23 of the Federal Rules of Civil Procedure and with applicable standards of due process.

22.     Class Persons will be excluded from the settlement only if they timely complete the online opt-out form or timely submit a written statement requesting exclusion from the Class as set forth in the Notice and the Settlement Agreement. Any written request for exclusion must be personally executed by the Class Person and must contain the Class Person's name and address, and Yahoo! Ads Client Identification Number(s).  Any written request for exclusion must be submitted online or returned by postal mail to the Claims Administrator at the address specified in the Notice not later than sixty (60) calendar days from the date the Claims Administrator first sends the Notice to Class Persons via email.  The date of the online submission, or of the postmark on the envelope containing the request

for exclusion, shall be the sole and exclusive method of determining whether the request for exclusion was timely submitted.  Unless they have excluded themselves, Class Persons shall be bound by all determinations and judgments in this case Relating To the proposed settlement, whether favorable or unfavorable, including the dismissal of the Action with prejudice and the release of Yahoo! from liability to the Class.  Persons who timely exclude themselves from the Class in accordance with the procedures prescribed in the Notice and Settlement Agreement will not be bound by any orders or judgments entered in the Action Related To the proposed settlement, shall not be entitled to any benefits provided for in the proposed Settlement Agreement in the event it is approved by the Court, and shall have no standing to enforce any provision of the Settlement Agreement.

23.    Class Persons who do not exclude themselves may enter an appearance on their own behalf or through counsel of their own choice at their own expense.  If they do not enter an appearance, they will be represented by Class Counsel.

24.    Any Class Member who objects to: (i) the proposed Settlement Agreement; (ii) certification of the Class; (iii) dismissal of the Action or the judgment and releases to be entered with respect thereto; and/or (iv) Class Counsel's application for attorneys' fees and reimbursement of expenses to Class Counsel and for service awards to the Class Representatives; or who otherwise wishes to be heard, may only appear at the Hearing and present relevant evidence or argument in person or through counsel if that Person has timely and properly filed a statement of objection as set forth in the Notice and the Settlement Agreement.  No Class Member shall be entitled to be heard at the Hearing, whether individually or through counsel, unless, no later than sixty (60) calendar days from the date the Claims Administrator first sends the Notice to Class Persons via email, written notice of the Class Member's intention to appear at the Hearing shall have been filed with the Court and served by email or postal mail on counsel listed

below.  Any objection must contain: (a) the objector's name and Yahoo! Ads Client Identification Number(s); (b) a statement of whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying counsel by name, address, and phone number; and (c) a statement of the grounds for his, her or its objection.

**Court:**
Office of the Clerk
U.S. District Court for the Central District of California, Western Division
312 N. Spring Street
Los Angeles, CA 90012

**Counsel for Plaintiffs and the Class:**
Michael J. Boni
Joshua D. Snyder
Boni & Zack LLC
15 Saint Asaphs Road
Bala Cynwyd, PA 19004
mboni@bonizack.com
jsnyder@bonizack.com

Michael D. Donovan
Donovan Searles, LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
mdonovan@donovansearles.com

**Counsel for Yahoo!:**
Larry W. McFarland, Esq.
Dennis L. Wilson, Esq.
Keats McFarland & Wilson LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, CA 90212
lmcfarland@kmwlaw.com
dwilson@kmwlaw.com

25.     Any Class Member who retains an attorney to make objections to the proposed settlement on behalf of the Class Member or otherwise to represent the Class Member in this litigation does so at the Class Member's own expense.  Any such attorney must file a notice of appearance in this litigation with the Clerk of this Court and serve copies of the notice on the attorneys listed in Paragraph 24 above, no later than sixty (60) calendar days from the date the Claims Administrator first sends the Notice to Class Persons via email.  Any objection not timely made and in the manner provided herein shall be deemed waived and forever barred.

26.     Pending final determination of whether the proposed Settlement Agreement should be approved, Class Representatives and all Class Persons, either individually, directly, representatively, derivatively or in any other capacity, are barred and enjoined from commencing or prosecuting any action or proceeding asserting any claims whatever on behalf of themselves or the Class against Yahoo! that were brought or could have been brought in the Second Consolidated Amended Class Action Complaint, and that Relate To or arise out of the claims as described in that complaint, including without limitation the Released Claims.

27.     If the Court does not grant final approval of the Settlement Agreement, or if the settlement does not become effective for any reason whatsoever, the Settlement Agreement (including any modification thereof made with the consent of the parties as provided therein), any Class certification herein and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein) shall be terminated and shall become void and have no further force and effect, except as provided in the Settlement Agreement.

28.     The Settlement Agreement and any proceedings taken pursuant thereto are not, and should not in any event be: (a) offered or received as evidence of a presumption, concession or admission on the part of any of Plaintiffs, Yahoo!, any Class Person, or any other Person; or (b) offered or received as evidence of a

8

presumption, concession or admission by any person of any liability, fault, wrongdoing or other dereliction of duty.

29.     The Court reserves jurisdiction over the subject matter and as to each party to the Settlement Agreement with respect to the interpretation, effectuation, and implementation of the Settlement Agreement in accordance with the terms thereof for all purposes, including enforcement of any of the terms thereof at the instance of any party and resolution of any disputes that may arise.

**IT IS SO ORDERED.**


Dated: _____          _____
                                 HONORABLE CHRISTINA A. SNYDER
                                 United States District Judge