1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In Re Yahoo! Litigation | Case No.: CV 06-2737 CAS (FMOx) |
| | **ORDER GRANTING PRELIMINARY SETTLEMENT APPROVAL** |
| | Honorable Christina A. Snyder |

This matter is before the Court pursuant to the motion of Plaintiffs in the above-captioned class action (the "Action") for preliminary approval of the settlement Plaintiffs reached with defendant Yahoo! Inc. ("Yahoo!").  Plaintiffs have moved for an order approving the settlement of the Action in accordance with the Settlement Agreement dated September 16, 2009 between Plaintiffs and Yahoo! (the "Settlement Agreement").  Having read and considered the Settlement Agreement, and based upon familiarity with the files and proceedings in this matter, the Court finds that:

1.      The Action was commenced on May 4, 2006, and a Consolidated Amended Class Action Complaint was filed on July 13, 2006.  Class Representatives filed a Second Consolidated Amended Class Action Complaint on November 20, 2006, which contained causes of action for breach of contract, restitution/unjust enrichment/money had and received, misrepresentation and civil conspiracy, and violation of California Business and Professions Code §§ 17200, *et seq.*;

1

2.      Yahoo! has vigorously contested the allegations;

3.      Following extensive settlement discussions, including four mediations, the most recent of which was supervised by the Honorable Gary L. Taylor, United States District Judge (Retired), the parties have entered into a Settlement Agreement that has been filed with the Clerk of the United States District Court for the Central District of California;

4.      The Court has reviewed the Settlement Agreement and determined it to be within the range of possible approval; and

5.      The Court has reviewed the notice provisions of Paragraph 59 of the Settlement Agreement, and the forms of notice attached to the Settlement Agreement as Exhibits 3 and 4, and the Court has determined that the form, content and manner of dissemination of the notices constitute the best notice practicable under the circumstances.

Accordingly, it is hereby **ORDERED** as follows:

6.      The motion is GRANTED.  The Settlement Agreement is hereby preliminarily approved.  Unless otherwise specified, all capitalized terms herein that are defined terms in the Settlement Agreement shall have the same meaning as in the Settlement Agreement.

7.      The following Class is provisionally certified for settlement purposes only:

**All Persons that purchased, directly or indirectly, Yahoo! Ads in the U.S. Marketplace from May 1, 2000, through and including the date the Court grants preliminary approval of the Agreement**.

8.      Plaintiffs Crafts by Veronica, Mika's Wedding, and True Communication, Inc. d/b/a Metrodate.com are designated as Class Representatives.

9.     The Court appoints the following as Plaintiffs' Co-Lead Counsel: Michael J. Boni, Boni & Zack LLC and Michael D. Donovan, Donovan Searles LLC.

10.     A final settlement/fairness hearing shall be held on January 11, 2010, at 10:00 a.m. (the "Hearing") before the undersigned in Courtroom 5, United States District Court for the Central District of California, Western Division – Spring Street Courthouse, 312 N. Spring Street, Los Angeles, CA 90012.  The purpose of the Hearing shall be to determine:  (a) whether the terms and conditions of the proposed Settlement Agreement are fair, reasonable, and adequate; (b) whether to certify the Class for purposes of the settlement; and (c) whether the proposed Settlement Agreement should be approved by the Court and judgment entered thereon.  At the Hearing, or such adjourned date as the Court deems appropriate, Class Counsel and any interested person who has properly and timely filed a notice of objection to the Settlement Agreement (following the procedure set forth in the Notice (as defined below) and the Settlement Agreement) shall be heard on the fairness, reasonableness and adequacy of the terms of the Settlement Agreement and on Class Counsel's application for an award of attorneys' fees and reimbursement of expenses and for service awards to Class Representatives as set forth in the Settlement Agreement.

11.     The Court preliminarily approves the proposed Settlement Agreement, including the procedures for notice, requesting exclusion from the settlement, and objection, as described therein, as fair, reasonable, and in the best interests of the Class.

12.     The Court reserves the right to adjourn the Hearing or order any adjournment without further notice other than an oral announcement at or prior to the Hearing.  The Court also reserves the right to approve the proposed Settlement Agreement at or after the Hearing with or without modification as consented to by

the parties to the Settlement Agreement and without further notice to the Class.
The Court shall retain jurisdiction to consider all applications arising
out of or connected with the proposed Settlement Agreement.

13.     The Court approves as to form, content and method of dissemination
the Notice of Class Action Settlement ("Notice") and the Summary Notice of Class
Action Settlement (the "Summary Notice") substantially in the forms attached to
the Settlement Agreement as Exhibits 3 and 4.

14.     The Court approves the form and content of the Claim Form
substantially in the form attached to the Settlement Agreement as Exhibit 1.

15.     Rust Consulting, Inc. is approved to serve as Claims Administrator.

16.     No later than twenty (20) calendar days after entry of this Order, the
Claims Administrator shall send a copy of the Notice to all Class Persons via
electronic mail ("email") using the email addresses in Yahoo!'s electronic records
that the Class Person supplied to Yahoo! in connection with the Yahoo! Ads.  In
the event that such electronic notice is returned as undeliverable to the Claims
Administrator, the Claims Administrator will, no later than twenty (20) calendar
days after the date on which the notice was returned, send a copy of the Notice to
that Class Person via the United States Postal Service using the physical mailing
address, if any, in Yahoo!'s electronic records that the Class Person supplied to
Yahoo! in connection with Yahoo! Ads.  No skip trace or re-mailing of returned
mail shall be required.

17.     No later than twenty (20) calendar days after entry of this Order, the
Claims Administrator also shall cause the Notice to be published in the national
and international editions of *U.S.A. Today* as set forth in the Settlement
Agreement.

18.     No later than twenty (20) calendar days after entry of this Order, the
Claims Administrator shall post the Claim Form on the Settlement Website.  Any
Class Member wishing to apply for the Refund must: complete and submit the

4

Claim Form online (or in paper form if the Class Member downloads the paper version of the Claim Form on the Settlement Website or requests such paper form from the Claims Administrator) not later than One Hundred Sixty (160) days from the date that the Claims Administrator first posts the Claim Form on the Settlement Website.

19.     At least ten (10) court days prior to the Hearing, the Claims Administrator shall certify compliance with the provisions of paragraphs 16, 17, and 18 of this Order by declaration describing the aforementioned electronic mailings, postal mailings and publications.

20.     At least ten (10) court days prior to the Hearing, Class Counsel shall file with the Court a motion for final settlement approval and supporting papers, and an application for attorneys' fees and reimbursement of expenses and for service awards to Class Representatives and supporting papers.

21.     The form and method of Notice and Summary Notice specified in the Settlement Agreement are hereby approved and determined to be the best notice practicable under the circumstances, and the Court finds that the Notice and Summary Notice comply with the requirements of Rule 23 of the Federal Rules of Civil Procedure and with applicable standards of due process.

22.     Class Persons will be excluded from the settlement only if they timely complete the online opt-out form or timely submit a written statement requesting exclusion from the Class as set forth in the Notice and the Settlement Agreement. Any written request for exclusion must be personally executed by the Class Person and must contain the Class Person's name and address, and Yahoo! Ads Client Identification Number(s).  Any written request for exclusion must be submitted online or returned by postal mail to the Claims Administrator at the address specified in the Notice not later than sixty (60) calendar days from the date the Claims Administrator first sends the Notice to Class Persons via email.  The date of the online submission, or of the postmark on the envelope containing the request

for exclusion, shall be the sole and exclusive method of determining whether the request for exclusion was timely submitted.  Unless they have excluded themselves, Class Persons shall be bound by all determinations and judgments in this case Relating To the proposed settlement, whether favorable or unfavorable, including the dismissal of the Action with prejudice and the release of Yahoo! from liability to the Class.  Persons who timely exclude themselves from the Class in accordance with the procedures prescribed in the Notice and Settlement Agreement will not be bound by any orders or judgments entered in the Action Related To the proposed settlement, shall not be entitled to any benefits provided for in the proposed Settlement Agreement in the event it is approved by the Court, and shall have no standing to enforce any provision of the Settlement Agreement.

23.    Class Persons who do not exclude themselves may enter an appearance on their own behalf or through counsel of their own choice at their own expense.  If they do not enter an appearance, they will be represented by Class Counsel.

24.    Any Class Member who objects to: (i) the proposed Settlement Agreement; (ii) certification of the Class; (iii) dismissal of the Action or the judgment and releases to be entered with respect thereto; and/or (iv) Class Counsel's application for attorneys' fees and reimbursement of expenses to Class Counsel and for service awards to the Class Representatives; or who otherwise wishes to be heard, may only appear at the Hearing and present relevant evidence or argument in person or through counsel if that Person has timely and properly filed a statement of objection as set forth in the Notice and the Settlement Agreement.  No Class Member shall be entitled to be heard at the Hearing, whether individually or through counsel, unless, no later than sixty (60) calendar days from the date the Claims Administrator first sends the Notice to Class Persons via email, written notice of the Class Member's intention to appear at the Hearing shall have been filed with the Court and served by email or postal mail on counsel listed

below.  Any objection must contain: (a) the objector's name and Yahoo! Ads Client Identification Number(s); (b) a statement of whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying counsel by name, address, and phone number; and (c) a statement of the grounds for his, her or its objection.

**Court:**
Office of the Clerk
U.S. District Court for the Central District of California, Western Division
312 N. Spring Street
Los Angeles, CA 90012

**Counsel for Plaintiffs and the Class:**
Michael J. Boni
Joshua D. Snyder
Boni & Zack LLC
15 Saint Asaphs Road
Bala Cynwyd, PA 19004
mboni@bonizack.com
jsnyder@bonizack.com

Michael D. Donovan
Donovan Searles, LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
mdonovan@donovansearles.com

**Counsel for Yahoo!:**
Larry W. McFarland, Esq.
Dennis L. Wilson, Esq.
Keats McFarland & Wilson LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, CA 90212
lmcfarland@kmwlaw.com
dwilson@kmwlaw.com

25.    Any Class Member who retains an attorney to make objections to the proposed settlement on behalf of the Class Member or otherwise to represent the Class Member in this litigation does so at the Class Member's own expense.  Any such attorney must file a notice of appearance in this litigation with the Clerk of this Court and serve copies of the notice on the attorneys listed in Paragraph 24 above, no later than sixty (60) calendar days from the date the Claims Administrator first sends the Notice to Class Persons via email.  Any objection not timely made and in the manner provided herein shall be deemed waived and forever barred.

26.    Pending final determination of whether the proposed Settlement Agreement should be approved, Class Representatives and all Class Persons, either individually, directly, representatively, derivatively or in any other capacity, are barred and enjoined from commencing or prosecuting any action or proceeding asserting any claims whatever on behalf of themselves or the Class against Yahoo! that were brought or could have been brought in the Second Consolidated Amended Class Action Complaint, and that Relate To or arise out of the claims as described in that complaint, including without limitation the Released Claims.

27.    If the Court does not grant final approval of the Settlement Agreement, or if the settlement does not become effective for any reason whatsoever, the Settlement Agreement (including any modification thereof made with the consent of the parties as provided therein), any Class certification herein and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein) shall be terminated and shall become void and have no further force and effect, except as provided in the Settlement Agreement.

28.    The Settlement Agreement and any proceedings taken pursuant thereto are not, and should not in any event be: (a) offered or received as evidence of a presumption, concession or admission on the part of any of Plaintiffs, Yahoo!, any Class Person, or any other Person; or (b) offered or received as evidence of a

presumption, concession or admission by any person of any liability, fault, wrongdoing or other dereliction of duty.

29.    The Court reserves jurisdiction over the subject matter and as to each party to the Settlement Agreement with respect to the interpretation, effectuation, and implementation of the Settlement Agreement in accordance with the terms thereof for all purposes, including enforcement of any of the terms thereof at the instance of any party and resolution of any disputes that may arise.

**IT IS SO ORDERED.**

Dated:  September 22, 2009

HONORABLE CHRISTINA A. SNYDER
United States District Judge