1 | John W. Davis (State Bar No. 200113)
2 | john@johnwdavis.com
**LAW OFFICE OF JOHN W. DAVIS**
3 | 501 W. Broadway, Suite 800
4 | San Diego, CA 92101
Telephone: (619) 400-4870
5 | Facsimile: (619) 342-7170

6 | Steven F. Helfand  (State Bar No. 206667)
7 | steven@stevenhelfand.com
**HELFAND LAW OFFICES**
8 | 582 Market Street, Suite 1400
9 | San Francisco, CA 94101
Telephone:  (415) 397-0007
10 | Facsimile: (415) 397-0009

11 |
Counsel for O.E. Express, Inc.
12 |

13 | UNITED STATES DISTRICT COURT

14 | CENTRAL DISTRICT OF CALIFORNIA

15 | WESTERN DIVISION

16 |

17 | In Re Yahoo! Litigation

**CASE NO. CV 06-2737 CAS (FMOx)**

18 | <u>**CLASS ACTION**</u>

19 |
20 | **NOTICE OF INTENT TO APPEAR AND PRELIMINARY OBJECTION TO PROPOSED SETTLEMENT**
21 |

22 | Hearing Date:    January 11, 2010
Time:            10:00 a.m.
23 | Judge:           Hon. Christina A. Snyder
Courtroom:       5
24 |

25 | **PLEASE TAKE NOTICE** that class member and objector, O.E. Express, Inc.

26 | ("Objector"), by and through its undersigned counsel, intends to appear and be heard
27 |
28 | at the fairness hearing to discuss the following objections:

OBJECTION

# I. OBJECTION TO THE SUBSTANTIVE SETTLEMENT

## A.   STANDARD OF REVIEW

Under Rule 23(e), the Court must "determine whether a proposed settlement is fundamentally fair, adequate, and reasonable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). To this end, the Court must consider a number of "fairness factors," including: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Officers for Justice v. Civil Serv. Comm'n of City & County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). The Ninth Circuit has made clear that these factors are not an "exhaustive list of relevant considerations" and that "[t]he relative degree of importance to be attached to any particular factor will depend on the unique circumstances of each case." *Id.*

Additionally, the Court must ensure that "the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties." *Id.* The purpose of this requirement is "the protection of those class members including the named plaintiffs, whose rights may not have been given due regard by the negotiating parties." *Id.* at 624. *See also In re Oracles Securities Litigation*, 829 F. Supp. 1176 (N.D. Cal. 1993). The burden of proving the fairness of a settlement rests squarely on its proponents. *See* 2 Herbert B. Newberg & Alba Conte, Newberg on Class Actions, Sec. 11.42 (3d ed. 1992); *see also* Moore's Federal Practice, Sec.

1    23.80 [4] (2d ed. 1987).

2

3    **B.    CLASS MEMBERS WHO ARE NOT "OUT OF BUSINESS" RECEIVE NO MONETARY COMPENSATION UNDER THE SETTLEMENT AGREEMENT.**

4

5    Class members who are not "out of business" receive no monetary benefit

6    from the settlement while class members who are "out of business" receive a $20

7    cash payment. *See* Settlement Agreement, ¶ 50. Moreover, class members who are

8    not "out of business" must continue to use Yahoo!'s products in order to obtain any

9

10   benefit from the settlement. Settlements offering defendants' products in lieu of

11   cash restitution have been criticized both in the courts, *Bloyed v. General Motors*

12   *Corp*, 881 S.W.2d 422, 435 (Tex. App. 1994), aff'd 916 S.W.2d 949 (Tex. 1996),

13   and in the press. *See* "Class Actions' Big Winners: The Lawyers," The Washington

14   Post, May 25, 1997; "Going to the Head of the Class Action Settlement," The

15   Washington Post, April 9, 1996; and "The Latest Class Action Scam," The Wall

16   Street Journal, December 27, 1995, at 11.

17

18   Here, not only must class members continue to use Yahoo!'s services in

19   order to obtain anything under the Settlement Agreement, the relief offered is of

20   incalculable and dubious value as addressed below, and does nothing to compensate

21   class members who are still "in business" for past damages suffered as a result of

22   defendant's conduct giving rise to this litigation.

23

24   **C.    THE INJUNCTIVE RELIEF IS UNCERTAIN AND ILLUSORY BECAUSE SUCH RELIEF WILL TERMINATE UPON**

25   **IMPLEMENTATION OF THE "MICROSOFT TRANSACTION."**

26   Paragraph 48 of the Settlement Agreement states:

27          Yahoo! agrees to provide the Ad Placement Option on its own
28          Paid Search Services platform for a period of two years from the

date it first launches the Ad Placement Option and while it offers its own Paid Search Services platform, *or through the date of full implementation of the Microsoft Transaction, whichever occurs first.* Yahoo! agrees to provide each of the benefits specified in Paragraphs 46 and 47 for a period of two years from the date each benefit is first made available, *or through the date of full implementation of the Microsoft Transaction, whichever occurs first.* [emphasis added].

The parties do not know when the Microsoft Transaction will be "fully implemented." As such, the length of the injunction, and accordingly, the value of the injunction, cannot be determined. If it were not sufficiently disappointing that class members who are still "in business" will receive no monetary compensation, those same class members cannot even be assured of the value of the purported injunctive relief. The Court cannot properly evaluate, let alone approve, a settlement for which there is insufficient evidence to even demonstrate a "ball-park" settlement value. *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006).

## D.   THE RELEASE IS OVERLY BROAD.

The Settlement Agreement overreaches by seeking to bar *any* claims by class members whose Claim Forms are rejected by Yahoo!. Paragraph 50(e) of the Settlement Agreement states:

> Subject to subparagraphs 50(j)-(m) below (regarding appealing to the Special Master), a Class Member failing to submit a valid, timely Claim Form, or a Class Member deemed by Yahoo! not eligible to receive the Refund based on the Class Member's submitted Claim Form, is barred from making any further claims against Yahoo! for or during the Class Period, including without limitation a claim that the Class Member was wrongfully denied the Refund.

Significantly, the foregoing language does not restrict the barred "claims" to claims arising out of or relating to the underlying causes of action in this lawsuit. Accordingly, the universe of claims released or otherwise barred by the terms of the Settlement Agreement is impermissibly broad.

Overbroad releases in class action settlements are unlawful. Under the "factual predicate doctrine," the only unpled claims that can be released in a class action settlement are those that arise from "the same nucleus of operative facts" as the claims pled in the complaint. *Schwartz v. Dallas Cowboys Football Club, Ltd.*, 157 F. Supp. 2d 561, 577 (E.D. Pa. 2001) (quoting *Grimes v. Vitalink Communications Corp.*, 17 F.3d 1553, 1563 (3d Cir. 1994); *National Super Spuds v. New York Merchantile Exchange*, 600 F.2d 9, 19 (2d Cir. 1981) (the "protection afforded the defendants by the [settlement] judgment rests on its *res judicata* effect and is, therefore, limited to the claims alleged in the pleadings"); *In re Auction Houses Antitrust Lit.*, 42 Fed. Appx. 511, 519 (2d Cir. 2002) (affirming the vitality of *Super Spuds* and requiring "identical factual predicate"); *Wal-Mart Stores, Inc. v. Visa USA, Inc.*, 396 F. 3d 96, 107 (2d Cir. 2005).

Here, the term "claim" as used in ¶ 50(e) is not limited to claims alleged in the pleadings or claims arising from the same nucleus of operative facts. Accordingly, the set of claims released by the Agreement is exceedingly broad.

## II.  OBJECTION TO ATTORNEYS' FEE REQUESTS AND INCENTIVE AWARDS

### A.  THE DISTRICT COURT HAS A FIDUCIARY DUTY TO THE CLASS IN PREVENTING COUNSEL FROM OBTAINING A WINDFALL.

The fee that class counsel is seeking is remarkable in light of the paltry relief the class is contemplated to receive. Consideration of fee petitions submitted by

1  counsel representing a plaintiff class requires the utmost judicial scrutiny and

2  discretion. It is at this stage that counsel for the class is transformed from the

3
4  champion of the class to a competing claimant against the fund intended to

5  recompense the wrong suffered by the class. REPORT OF THE THIRD CIRCUIT TASK

6  FORCE, *Court Awarded Attorney Fees*, 108 F.R.D. 237, 251 (Oct. 8, 1985)

7  (hereinafter "*Task Force Report*").

8  In essence, the district court assumes the fiduciary role for the class that its

9  counsel filled during the litigation, but vacated upon submission of the fee petition.

10
11  *Skelton v. Gen. Motors Corp.*, 860 F.2d 250, 253 (7th Cir. 1988), *cert. denied*, 493

11  U.S. 810 (1989); *City of Detroit v. Grinnell Corp.*, 560 F.2d 1093, 1099 (2d Cir.

12
13  1977) ("*Grinnell II*"); *Task Force Report* at 255. Because objections by class

14  members are rare and defendants, having made their contribution to the settlement,

15  are uninterested in the distribution, the district court must act with moderation and a

16  jealous regard for the rights of the class members in determining a reasonable

17
18  attorney fee. *Rothfarb v. Hambrecht*, 649 F. Supp. 183, 237 (N.D. Cal. 1986), citing

19  *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 469 (2d Cir. 1974) ("*Grinnell I*");

20  Deborah A. Klar, *Attorney's Fees in Securities Class Actions: Recent Developments*

21  *Under the Common Fund Doctrine*, SECURITIES LITIGATION (1991); *Task*

22  *Force Report* at 251; *In re Equity Funding Corp. Sec. Litig.*, 438 F. Supp. 1303,

23  1325 (C.D. Cal. 1977) (not only must the courts avoid awarding windfall fees, but

24  they must avoid every appearance of having done so).

25
26  **B.   THE RESULTS OBTAINED IN THIS LAWSUIT DO NOT WARRANT A SUBSTANTIAL FEE AWARD.**

27  The Ninth Circuit has repeatedly recognized that "[i]n a class action, whether

28

OBJECTION                          Page 5                          Case No. CV 06-2737 CAS

attorneys' fees come from a common fund *or are otherwise paid*, the district court must exercise its inherent authority to assure that the amount and mode of payment of attorneys' fees are fair and proper." *Staton v. Boeing*, 327 F.3d 938, 964 (9th Cir. 2003), quoting *Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323, 1328 (9th Cir. 1999).

Even though fee awards must provide sufficient incentive for competent counsel to undertake class action litigation, "there also must be recognition that an element of public service is involved and that the opportunity to represent the class plaintiffs is judicially determined." *Rothfarb*, 649 F. Supp. 1303 at 199, citing *In re Equity Funding Corp. Sec. Litig.*, 438 F. Supp. at 1377.

Objector requests that the Court carefully consider the amount of attorneys' fees and expenses requested by class counsel. The Court should consider declining to award any fee in light of the *de minimis* relief obtained by counsel.

## C. THE INCENTIVE AWARDS SOUGHT BY REPRESENTATIVE PLAINTIFFS ARE EXCESSIVE AND CREATE A CONFLICT BETWEEN LEAD PLAINTIFFS AND ABSENT CLASS MEMBERS.

The requested incentive awards are 500 times the damages class members are eligible to receive. Under the Agreement, the three class representatives will each receive $10,000.00 while class members who are "out of business" will receive only $20. As discussed *supra,* class members who are still in business receive no monetary benefit whatsoever. This is unfair and suggests that class counsel and class representatives may have compromised the interests of absent class members in exchange for red carpet treatment on fees.

Excessive payments to named class members can be an indication that the

agreement was reached through fraud or collusion. *See Staton v. Boeing Co.*, 327 F.3d 938, 975 (9th Cir. 2003). Indeed, "[i]f class representatives expect routinely to receive special awards in addition to their share of the recovery, they may be tempted to accept suboptimal settlements at the expense of the class members whose interests they are appointed to guard." *Weseley v. Spear, Leeds & Kellogg*, 711 F. Supp. 713, 720 (E.D.N.Y. 1989); *see also Women's Comm. for Equal Employment Opportunity v. Nat'l Broad. Co.*, 76 F.R.D. 173, 180 (S.D.N.Y. 1977) ("[W]hen representative plaintiffs make what amounts to a separate peace with defendants, grave problems of collusion are raised.").

The lead plaintiffs in this case appear to have taken potentially conflicting positions with absent class members as evidenced by the disparity in the requested "service awards." Accordingly, this Court should carefully scrutinize whether the lead plaintiffs, and their counsel, are inadequate with respect to representing this class. The named plaintiffs are seeking to obtain a windfall that is grossly disproportionate to relief available to absent class members which the named plaintiffs purport to represent. This type of approach is contrary to the protective requirements of Fed. R. Civ. P. 23, and well-established public policy. The Court may also wish to consider whether the class may need to be bifurcated into subclasses so as to promote substantial justice.

There is no "presumption of fairness" as to the amount of an enhancement. *See, e.g., Clark v. American Residential Services, LLC*, 175 Cal. App. 4th 785, 806 (2009). In reviewing the requested "service awards," the Court should consider "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort

the plaintiff expended in pursuing the litigation." *Cook v. Niedert*, 42 F.3d 1004, 1016 (7th Cir. 1998).  Other factors to be considered include "the risk to the class representative in commencing suit, both financial and otherwise," "the notoriety and personal difficulties encountered by the class representative," the duration of the litigation, and "the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation." *Van Vranken v. Atlantic Richfield Co.*, 901 F.Supp. 294, 299 (N.D. Cal. 1995).

In order for the lead plaintiffs or class counsel to be adequate, they must not have interests which conflict with the unnamed class members.  A class representative's claims must not be inconsistent with those of the class.  *Global Materials v. Superior Court*, 113 Cal. App. 4th 836, 851 (2003); *see also Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978), citing *Nat'l Assoc. of Reg'l Med. Programs, Inc. v. Mathews*, 551 F.2d 340 (D.C. Cir. 1976); Alba Conte & Herbert Newberg, Newberg on Class Actions § 3:23 (4th ed. 2002).  By seeking such inflated incentive awards and attorneys' fees, lead plaintiffs and class counsel have put their own selfish interests ahead of the absent class members they purport to represent.  Accordingly, the Court should apply heightened scrutiny to the entire negotiated settlement.  At a minimum, if the Court ultimately decides to approve the substantive settlement, fundamental fairness requires that the Court reduce the incentive award so that the savings may be properly allocated among all damaged class members.

## III. ADDITIONAL OBJECTIONS

Objector hereby adopts and incorporates by reference all *bona fide* objections filed by other objectors in this case.

# IV.  CONCLUSION

For the foregoing reasons, Objector O.E. Express, Inc. respectfully submits that the terms of the Proposed Settlement are wholly insufficient, unfair, unjust, unreasonable, and inadequate to class members.

WHERFORE, having demonstrated the unfairness, inadequacy, and unreasonableness of the proposed settlement, objector O.E. Express, Inc. requests appropriate general relief as follows:

1.  That the Court withdraw its conditional approval of the proposed settlement and enter its order requiring further proceedings.

2.  That the Court enter such appropriate orders as will place this class action litigation in a proper posture for a vigorous and good-faith prosecution on issues of the merits of the class claims.

3.  That the Court enter such further orders as may be necessary and just, so as to effect substantial justice in this cause between the parties and the absent class members.  Objector reserves the right to amend and refine its objection as more information is made available.

Respectfully submitted this 14th day of December, 2009.

**LAW OFFICE OF JOHN W. DAVIS**

by: _____

John W.  Davis
Attorney for Class Member O.E. Express, Inc.

OBJECTION                                    Page 9                          Case No. CV 06-2737 CAS