THEODORE H. FRANK (SBN 196332)
tedfrank@gmail.com
**CENTER FOR CLASS ACTION FAIRNESS**
1718 M Street NW
No. 23-6
Washington, DC 20036
(703) 203-3848

*Attorney for Objector Eric Turkewitz*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re:<br><br>Yahoo! Litigation | Case No. CV06-2737 CAS (FMOx)<br><br>**PUTATIVE CLASS ACTION**<br><br>**AMENDED DECLARATION OF ERIC TURKEWITZ OBJECTING TO PROPOSED SETTLEMENT**<br><br>Judge: Honorable Christina A. Snyder<br>Date: January 11, 2009<br>Time: 10:00 a.m.<br>Courtroom: 5 |

Eric Turkewitz, under penalty of perjury, declares:

**I Have Standing to Object**

1. I am a member of the class of aggrieved people and companies for whom this class action was brought. I spent approximately $21,975 on pay-per-click advertising through Yahoo! and its predecessor companies (GoTo.com and Overture) between 2001 and 2005.

2. I treat Yahoo!, Overture and GoTo.com together for the purpose of this Declaration.

3. I am a self-employed attorney practicing personal injury law in New York City and its surrounding counties.

4. I started pay-per-click advertising with GoTo.com in 2001, for the purpose of advertising my law firm's services. My first payment was made August 23, 2001. I continued after the service was renamed Overture and continued further when Overture was sold to Yahoo!

5. I continued using Yahoo! through the end of 2005. My last payment was on December 27, 2005. I spent approximately $5,000 per year.

6. I stopped using Yahoo! in late 2005 because I suspected click-fraud, and Yahoo! failed to address my complaint. As a result of what I believe was click-fraud and the failure of Yahoo to act, I moved all of my advertising to Google.

7. I believe that my budget of approximately $5,000 per year during that time makes me a representative and typical member of the class of people and companies that are aggrieved by Yahoo! click-fraud.

8. Paragraph 60 of the settlement agreement "requires" objectors to provide their Yahoo! Customer ID number. But this isn't required by law since "any class member may object" pursuant to Rule 23(e)(5). It also turns out to be an additional burden because I no longer have my Customer ID, it being four years since I was a Yahoo! customer. Yahoo!'s records were complete enough to notify me at my last place of business (99 Park Avenue, NY, NY 10016) of the settlement, so the company can confirm I am a class

member. A copy of the address page of the Notice of Settlement is attached to this Declaration.

### The Basis of My Objections

9. I was delighted to find out that a class action had been started against Yahoo!, and hopeful that my click-fraud concerns would be addressed. I believe that class actions in general are an effective means of dealing with situations where there are questions of law or fact common to numerous people or companies and where separate actions would be impracticable, as they cannot be economically brought.

10. Fundamental to the class action system, as set down by Rule 23(a)(4), is that "the representative parties will fairly and adequately protect the interests of the class."

11. Additionally, Rule 23(g)(1)(B) provides that "An attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class."

12. These two rules gave me confidence that my interests would be protected.

13. When I saw the terms of the settlement, however, I was stunned. The sum total of the benefit to me is this: Nothing. It was immediately clear to me that Rules 23(a)(4) and 23(g)(1)(B) had been violated as my interests had not been protected.

14. The settlement bizarrely creates three categories of victims:
   a. Those who still advertise with Yahoo!;
   b. Those whose companies failed; and
   c. Those whose companies are going concerns and no longer advertise with Yahoo!

15. For reasons that remain a mystery, the settlement gives twenty dollars to those whose companies failed. Everyone else gets nothing. The fees being asked by the lawyers, the ones that were supposed to protect my interests, are over four million dollars.

16. The categories they fabricated seem to make sense in only one respect; they appear designed to minimize any actual cash payments to people or companies that were injured by the click-fraud.

17. The settling parties also claim that part of the settlement is an improvement in the way that Yahoo! does business. But this is nonsense. Yahoo! must improve the way they do business or they will go out of business themselves. This is simple capitalism. If they don't change they will be unable to compete with Google, which has been clobbering them in the pay-per-click advertising arena.

18. The attorneys for the class had a fiduciary duty to protect my interests. They had an obligation under the federal Rules to protect my interests. They failed. Badly. They only protected the interests of their three representative class members by asking for $10,000 for each of them with every other member of the class having been sold out. In exchange for $30,000 for their clients the attorneys want over four million dollars in legal fees.

19. I object to this settlement. It represents a grotesque debasement of an important federal Rule designed to protect large numbers of people in an economical fashion. Approval of this settlement would be a miscarriage of the fundamental underpinnings of the class action system.

20. I ask that the court consider the legal arguments of my counsel, Theodore Frank, and that this Declaration be read together with his memo to reject the settlement.

Dated: New York, NY
December 14, 2009

Eric Turkewitz

Case No. CV06-2737 CAS (FMOx)            3
ERIC TURKEWITZ OBJECTING TO PROPOSED SETTLEMENT

IN RE YAHOO! SETTLEMENT ADMINISTRATOR
C/O RUST CONSULTING, INC.
P.O. BOX 2241
FARIBAULT, MN 55021-1641



50686261   015261

PRESORTED
FIRST CLASS MAIL
U.S. POSTAGE
**PAID**
Rust Consulting, Inc

**IMPORTANT LEGAL NOTICE**

50686261   015261
ERIC TURKEWITZ, ATTORNEY AT LAW
99 PARK AVE RM 800
NEW YORK NY 10016-1606

100 NFE 1 B06F 00 11/05/09
NOTIFY SENDER OF NEW ADDRESS
:TURKEWITZ LAW FIRM
228 E 45TH ST FL 17
NEW YORK NY 10017-3303

BC: 10017330317   *1583-08152-03-37

10017@3303