Barbara J. Mandell, Esq. (State Bar No. 106523)
**MANDELL & ASSOCIATES, PC**
6303 Owensmouth Avenue, 10th Floor
Woodland Hills, California 91367
Tel: (818) 936-3337 / Fax: (818) 337-7256
E-mail: barbara@mandellfirm.com

Daniel D. Haggerty
**WEIR & PARTNERS LLP**
The Widener Building
1339 Chestnut Street Fifth Floor
Philadelphia, PA 19107
Phone: 215-241-7752
Fax: 215-665-8464
Email: dhaggerty@weirpartners.com

Attorneys for CLASS MEMBER
MILES TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| IN RE YAHOO! LITIGATION | Case No. CV 06-2737 CAS (FMOx) <br> Honorable Christina A. Snyder <br><br> **OBJECTION TO CLASS SETTLEMENT** |

## OBJECTION OF CLASS MEMBER MILES TECHNOLOGIES, INC.

Class member Miles Technologies, Inc. ("Miles") hereby submits this objection to the proposed settlement ("Proposed Settlement") of the class action filed by plaintiffs Draucker Development, True Communication, Inc., d/b/a Metrodate.com, Crafts by Veronica, and Mikas Wedding, individually and as Class

1

Representatives on behalf of all similarly situated persons, against Defendants, Yahoo Inc. and Overture Services, Inc. (collectively "Yahoo" or "Defendants").

## Background

Miles is a computer software and services provider located in Moorestown, New Jersey. Miles' Yahoo account number is 1037588800. Miles has paid in excess of $80,000.00 to Yahoo, with not a single identifiable customer coming from this advertising. (See Yahoo statement attached as Exhibit "A").

As set forth in the Consolidated Second Amended Class Action Complaint, filed on November 20, 2006 (the "Amended Complaint"), Yahoo has not provided "targeted Internet advertising" as it claimed. Yahoo has placed its ads at random, in spyware, typosquatting, or other placements. As a result, Miles has received no benefit from advertising with Yahoo, but has paid premium prices.

Moreover, Yahoo has refused to disclose where Miles' advertisements have appeared or the specific sites where Miles' advertisements have been viewed. As a result, Miles paid for advertisements that were anything but "targeted". Based on this lack of disclosure, and lack of customers coming from Yahoo, it is clear that the bulk of Miles' advertising expense with Yahoo were due, not to legitimate click searches on Yahoo's primary site, but from searches on sites from which Miles derived no benefit, all at great expense. Yahoo obviously knew this fact, benefited from its

action, and only now, in order to avoid paying what is probably hundreds of millions of dollars in damages, has offered to change its practices.

### Nature of Objection

Miles opposes the Proposed Settlement for two basic reasons. First, the Proposed Settlement is not fair and is not the product of adequate representation. Second, the attorney's fees are excessive in light of the clear absence of any appreciable benefit to the class.

Here, the principal benefit obtained by the class members (that are still in business) is a change of Yahoo's policies. Yahoo is apparently now willing to offer to everyone, not just class members, programs it should have been offering all along. However, Yahoo is <u>not</u> reimbursing the class members, that are still in business, like Miles, for the losses caused by Yahoo's past practices. Indeed, for class members, that are still in business, and who have no intention of using Yahoo in the future, the settlement is meaningless.

The core component of the settlement - a change in policies - renders the settlement fundamentally unfair because the change in policies will not benefit the persons on whose behalf the class action was filed. See <u>Eisen v. Carlisle & Jacquelin</u>, 479 F.2d 1005, 1018 (2d Cir. 1973), vacated and remanded on other grounds, 417 U.S. 156 (1974) (fluid recovery that doesn't benefit class would violate due process).

The Amended Complaint contains four counts: Count I - Breach of Contract, Count II - Restitution/Unjust Enrichment/Money Had and Received, Count III - Misrepresentation and Civil Conspiracy, and Count IV Violations of the Bus. & Prof Code § 17200, *et seq*. The core objective here is <u>compensatory relief</u>, "including disgorgement of Defendants' ill-gotten gains". (<u>See</u> Prayer for Relief in the Amended Complaint).

The Proposed Settlement provides no benefit to Miles or other class members that are still in business, and particularly no benefit to those that have no intention of using Yahoo in the future. This majority component of the class is forgotten and unrepresented. Thus, the Proposed Settlement fails as a matter of law. See <u>In re Ford Motor Co. Bronco II Products Liability Litigation</u>, 1995 WL 222177, 9 (E.D.La.) (E.D.La.1995) (rejecting class action settlement because settlement provided plaintiffs none of the relief sought in the complaint); see also <u>Hanlon v. Chrysler Corp.</u>, 150 F.3d 1011, 1021 (9th Cir. 1998); <u>Amchem Prods., Inc. v. Windsor</u>, 117 S. Ct. 2231 (1997).

Why would class counsel agree to such a meaningless settlement? Why would class counsel ignore the core allegations in the complaint against Yahoo for Yahoo's past improper conduct, conduct for which Yahoo significantly benefited and for which the class members significantly suffered? The answer: $4.3 million dollars.

Clearly, class counsel has ignored its fiduciary obligations when presented with such a significant fee. The fee is outrageous when compared to the minimal benefit this settlement provides the class. There is no explanation for how such a large amount of time could have been spent on this litigation without any appreciable benefit to the class members. Thus, the second basis for this objection to the Proposed Settlement is the extravagant and facially unreasonable fee being paid to counsel.

This fee has no rational relationship to the outcome in this case. The class members that continue to be in business, particularly those that have been "once bitten" and will not use Yahoo again, will derive nothing from this settlement. Allowing a fee, of over four million dollars for such a result, is unconscionable.

Further, as the U.S. Court of Appeals for the First Circuit has held, "the very existence of a clear sailing provision increases the likelihood that class counsel has bargained away something of value to the class ... mak[ing] heightened judicial oversight ... highly desirable." See Weinberger v. Great Northern Nekoosa Corp., 925 F.2d 518, 525 (1st Cir.1991). Here, Yahoo has disclaimed any interest in the $4 million fee. Thus, if the Proposed Settlement is approved over Miles' objection, and a fee awarded, to the extent the fee award is reduced below $4.3 million, any reduction should be retained by the class members that are still in business, such as Miles.

### Representation at Final Approval Hearing

Miles Technologies, Inc. will be represented by the undersigned at the Final Approval Hearing.

### Conclusion

For the foregoing reasons, Miles Technologies, Inc. respectfully requests that this Honorable Court reject the Proposed Settlement in its entirety.

Dated: December 14, 2009

Submitted by:

By: /s/ Barbara Mandell
Barbara Mandell, Esquire
Mandell & Associates PC
6303 Owensmouth Ave 10th FL
Woodland Hills, CA 91367
(818) 936-3337
Counsel for Objector, Miles Technologies, Inc.

# PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF LOS ANGELES  )

I am employed in the office by a member of the bar of this Court in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 6303 Owensmouth Avenue, 10th Floor; Woodland Hills, CA 91367.

On December 14, 2009, I served the foregoing document described as **OBJECTION TO CLASS SETTLEMENT** on the interested parties in this action, to the following e-mail addressees:

Michael J. Boni, Esq. (via E-Mail mboni@bonizack.com)

Joshua D. Snyder, Esq. (via E-Mail jsnyder@bonizack.com)

Michael D. Donovan, Esq. (via E-Mail mdonovan@donovansearles.com)

Larry W. McFarland, Esq. (via E-Mail lmcfarland@kmwlaw.com)

Dennis L. Wilson, Esq. (via E-Mail dwilson@kmwlaw.com)

[X]  BY ELECTRONIC MAIL (E-Mail) : I caused such document to be served on the interested parties in this action by electronic mail.

[X]  (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 14, 2009, at Woodland Hills, California.

_____
Alenoosh Hovanessian