1  Michael B. Boni (pro hac vice)
2  Boni & Zack LLC
   15 St. Asaphs Road
3  Bala Cynwyd, PA  19004
4  Telephone: 610/822-0200
   mboni@bonizack.com
5
6  Plaintiffs' Co-Lead Counsel
7
8
           UNITED STATES DISTRICT COURT
9
           CENTRAL DISTRICT OF CALIFORNIA
10
                   WESTERN DIVISION
11

| In Re Yahoo! Litigation | Case No.: CV 06-2737 CAS (FMOx) |
|---|---|
| | **CLASS ACTION** |
| | **DECLARATION OF MICHAEL J. BONI IN SUPPORT OF FINAL SETTLEMENT APPROVAL AND THE APPLICATION FOR AN AWARD OF ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS** |
| | DATE: **January 11, 2010**<br>TIME: **10:00 a.m.**<br>PLACE: **Courtroom 5** |
| | Honorable Christina A. Snyder |

1

I, Michael J. Boni, pursuant to 28 U.S.C. § 1746, declare and state as follows:

1. I am a partner with the law firm of Boni & Zack LLC. My firm represents plaintiffs True Communication, Inc. d/b/a Metrodate.com and Mika's Wedding, and serves as one of Plaintiffs' Co-Lead Counsel in this litigation. We assumed this representation and role in 2007 when I left former Co-Lead Counsel Kohn, Swift & Graf, P.C. and opened Boni & Zack LLC.

2. I submit this Declaration in support of final approval of the proposed class action settlement and the application for an award of attorneys' fees, reimbursement of expenses, and the award of service compensation to Representative Plaintiffs True Communication, Inc. d/b/a Metrodate.com and Mika's Wedding.

3. This firm performed the following work and services in this litigation: led and participated in countless in-person and telephone conferences between co-counsel and with defense counsel on every aspect of the litigation and settlement; prepared objections to discovery requests; participated in an electronic discovery protocol; drafted numerous stipulations for extensions of time, voluntary dismissal of plaintiff Draucker Development, and other stipulations; researched liability and damages issues; researched and assisted in the briefing of plaintiffs' oppositions to defendants' second motion to dismiss; researched and assisted in the briefing of plaintiffs' class certification motion; researched and briefed opposition to defendants' motion to disqualify plaintiffs' counsel Benjamin Edelman; retained and worked with professional responsibility expert Geoffrey Hazard in connection with the disqualification motion, including providing Professor Hazard with a statement of facts and providing other information in aid of the preparation of the expert's report; researched appropriate mediators to preside over settlement negotiations; reviewed and analyzed documents produced in discovery; worked with plaintiffs True Communication, Inc. d/b/a Metrodate.com and Mika's Wedding on plaintiffs' objections and responses to defendants' discovery requests (interrogatories, requests for admission, document requests, and notices of deposition); prepared and defended

those two plaintiffs at their depositions; researched and prepared mediation briefs; prepared for and participated in all mediations; participated in numerous telephonic and in-person Court hearings and conferences, including with respect to the disqualification motion; negotiated and resolved with defense counsel the disqualification motion; prepared confidentiality agreements with defense counsel; worked with Mr. Edelman and reviewed materials Mr. Edelman sent to counsel; participated in countless telephone conferences and email exchanges with Mr. Edelman; monitored the *Checkmate* settlement and appeal thereof; investigated and researched a securities fraud class action against Yahoo! in connection with the acts complained of in the present litigation; reviewed various studies in connection with typosquatting, domain parking, spyware and adware; engaged in ongoing correspondence with plaintiffs to apprise them of the status of the litigation and settlement negotiations; researched the search advertising industry, including the array of Yahoo!'s syndication partners, and downstream partners; negotiated stipulations with defense counsel regarding modifications to the pre-trial schedules and class certification briefing schedules; participated in numerous telephonic and in-person non-mediator-assisted settlement meetings with defense counsel; researched settlement issues; prepared and filed with defense counsel joint status reports; researched and briefed defendants' motion to seal in connection with the disqualification motion; took three depositions of Yahoo! employees; drafted discovery deficiency letters to defense counsel; participated in discovery dispute meet and confers with defense counsel; confer with counsel in the securities class action regarding case strategy; researched in connection with potential summary judgment issues; prepared, with Co-Lead Counsel, settlement papers, including term sheets, settlement agreement, supplemental agreement regarding opt-outs, class notice, claim form, summary notice, motion for preliminary settlement approval, proposed preliminary and final approval orders, briefs in support of preliminary settlement approval, final settlement approval, opposition to objections, and supporting
3

declarations; responded to many class member inquiries after dissemination of class notice; corresponded with the claims administrator in connection with Class Member inquiries.

4. The settlement should be finally approved because the benefits conferred in view of the significant risks and efforts incurred in connection with the litigation demonstrate that the settlement is eminently fair, reasonable and more than adequate. Among other things, the technological changes Yahoo! has agreed to implement will remedy the primary problems this class action sought to correct – unwanted ad displays through back alley syndication partners that were not truly responsive to targeted, search advertising. The Ad Placement Option will enable Class Members to reduce costs and improve their ad placements in accordance with the remedies sought by plaintiffs in this Class Action. To the extent former Yahoo! customers cannot take advantage of these going-forward benefits, they can apply for and receive a cash payment of $20.00, which reflects a negotiated compromise given the difficulty of calculating individual ad bid inflation due to the ad-placement practices complained of in this action.

5. The settlement was reached after mediations before three separate mediators: Judges Trotter, Tevrizian and Taylor. During the final mediation, before Judge Taylor, the parties reached agreement on the material terms of the settlement and class benefits and, in Judge Taylor's presence, prepared a term sheet. It was only then that the parties began discussing attorneys' fees, expenses and other costs to be paid by defendants. These discussions and negotiations commenced by telephone after Mr. Donovan, my partner Joshua Snyder and I returned home from the in-person mediation, and were mediated to resolution telephonically by Judge Taylor several weeks after the final in-person mediation.

6. Attached hereto as Exhibit A is a more detailed chart reflecting – by work category, named attorney or paralegal and hourly rate – the lodestar incurred by my firm in connection with the litigation. My firm expended a total of 2,136.75 hours

4

in the litigation of this case. Multiplying those hours by the reasonable and customary hourly rates charged by the firm, results in a total lodestar for my firm of $1,084,518.75. This schedule was prepared from "Timeslips" time records regularly prepared and maintained by my firm, which are available at the request of the Court. None of this time includes time that I (or any other attorney with my firm) expended while with Kohn, Swift & Graf, P.C.

7. The hourly rates for the attorneys and professional staff in my firm included in Exhibit A are the same as the regular, current rates charged for their services in other cases and have been accepted and approved by courts in other class actions.

8. My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

9. As detailed in Exhibit B, my firm has incurred a total of $39,546.41 in un-reimbursed expenses in connection with the prosecution of this litigation.

10. The expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and represent an accurate recordation of the expenses incurred.

11. As background for the hourly rates and the experience of counsel, we have attached hereto as Exhibit C a brief biography of my firm and the attorneys in my firm who were principally involved in this litigation.

12. Class Counsel believe they have a strong case on liability but a more difficult case on damages. Plaintiffs and Mr. Edelman have compelling screenshot, video and packet log proof showing specific misplacements of Class Members' ads. Plaintiffs believe these misplacements are inconsistent with defendants' contractual obligations to Class Members.

13. However, as to damages, defendants have claimed that Class Members knew that these misplacements were occurring -- either knew specifically (through some form of direct observation) or knew implicitly (e.g., because advertising performance, measured through conversion rates or otherwise, gave constructive knowledge of the misplacements). If plaintiffs knew ads were being misplaced, defendants claim plaintiffs are due no refunds because existing charges already reflect a discount for anticipated misplacements. Defendants further claim that its auction-based pricing automatically corrects any mispricing and sets prices appropriate for the placements being sold.

14. Although plaintiffs believe many Class Members did not know about defendants' alleged misplacements, and further believe defendants were obligated to properly place Class Members' ads no matter the conversion rate of misplaced ads, Plaintiffs recognize that defendants' damage theory is consistent with an approach favored by some economists and some industry participants.

15. I also submit this Declaration in support of an incentive service award of $10,000 each to plaintiffs True Communication, Inc d/b/a Metrodate.com and Mika's Wedding.

16. Since Spring 2006, this firm's clients True Communication, Inc. d/b/a Metrodate.com and Mika's Wedding have played a very active role in initiating, litigating and monitoring this case and working with counsel in the preparation of pleadings, discovery, class certification papers and related documents, deposition discovery and the negotiation of the settlement. In addition, their principals (Brad Pliner and Ilan David, respectively), provided documentation and input to counsel in connection with the mediations and ultimate settlement of the litigation. They conferred with counsel about the Yahoo! advertising disclosures, the nature, timing and reasons for their Internet advertising, and the characteristics of the Yahoo! program that made this case suitable for a class action. Their principals also prepared for and attended their depositions, consulted with counsel concerning various

mediation sessions, and reviewed and approved the proposed Settlement. Counsel estimate that these plaintiffs each expended scores of hours in assisting with the litigation.

17. Among other things, the principals prepared for and gave their depositions in March 2009. They also copied and produced documents to counsel and reviewed and approved extensive discovery responses and drafts of legal documents. This time and effort necessarily precluded them from working on other endeavors.

18. The principals have reviewed the Settlement Agreement and have approved it along with the application for an award of attorneys' fees and expenses. Given the extensive time and effort devoted by these two plaintiffs on behalf of over 863,000 Class Members, a service award of $10,000 is warranted.

19. Attached hereto as Exhibits D and E are print-outs of two emails I received from Daniel Haggerty, Esq., counsel for objector Miles Technologies. I am acquainted with Mr. Haggerty's law firm colleague Carolyn Lindheim. I spoke with Ms. Lindheim about the fact that her colleague filed an objection to a settlement I was defending. I advised Ms. Lindheim that it appeared the objection suffered from a lack of understanding of the theories of Plaintiffs' case and the salutary nature of the settlement benefits. I suggested that Ms. Lindheim invite Mr. Haggerty to call me to discuss these issues. Mr. Haggerty never called me. Instead, I received the email from him that is attached hereto as Exhibit D.

20. Upon receipt of that email, I spoke again with Ms. Lindheim and advised her that I viewed Mr. Haggerty's email as improper. I again suggested that she have Mr. Haggerty call me to discuss the objection. Instead of calling me, however, Mr. Haggerty sent me the email that is attached hereto as Exhibit E. In that email, Mr. Haggerty states, "I remind you that you reached out to my office asking to 'see if there is a way this can go away?'" That statement is misleading. At no time did I suggest to Ms. Lindheim that Class Counsel was willing to negotiate with Mr. Haggerty in order for him to withdraw the Miles Technologies objection. To the contrary, I sought

only the opportunity to convince Mr. Haggerty that there was no valid basis to the objection.

21. An example of this objector's misunderstanding of the nature of Plaintiffs' case is that it demanded 100% of the funds it paid to Yahoo!. *See* Exhibit E hereto. At no time, however, have Plaintiffs alleged damages of 100% of the funds the Class paid to Yahoo! To the contrary, Plaintiffs only sought the difference between the per-click prices the Class paid to Yahoo! and the alleged lesser value of clicked ads on the alleged low-quality Internet locations.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 22nd day of December, 2009, in Bala Cynwyd, PA.

_____
Michael J. Boni

**EXHIBIT A**

**IN RE: YAHOO! LITIGATION**

**TIME REPORT**
**Boni & Zack LLC**

**Reporting Period: Inception through October 31, 2009**

Catagories:

| | | | |
|---|---|---|---|
| A | Pre-Filing Investigation | E | Court Appearances, Trial, Appeal |
| B | Pleadings | F | Settlement |
| C | Briefs, Motions, Research | G | Case Management & Strategy |
| D | Discovery | | |

| NAME | Status* | A | B | C | D | E | F | G | TOTAL HOURS | HOURLY RATE | LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Michael J. Boni | P | 0.00 | 0.00 | 131.00 | 63.50 | 41.00 | 563.00 | 23.50 | 822.00 | $600.00 | $493,200.00 |
| Joanne Zack | P | 0.00 | 0.00 | 6.00 | 0.00 | 0.00 | 0.50 | 1.00 | 7.50 | $600.00 | $4,500.00 |
| Joshua D. Snyder | P | 0.00 | 0.00 | 109.25 | 474.50 | 6.50 | 399.50 | 7.50 | 997.25 | $450.00 | $448,762.50 |
| Theresa J. Henson | A | 0.00 | 0.00 | 30.50 | 260.75 | 0.00 | 13.50 | 0.00 | 304.75 | $450.00 | $137,137.50 |
| Michelle Wimberly | PL | 0.00 | 0.00 | 1.00 | 0.00 | 0.00 | 0.00 | 4.25 | 5.25 | $175.00 | $918.75 |
| | | | | | | | | | | | $0.00 |
| | | | | | | | | | | | |
| **TOTALS** | | 0.00 | 0.00 | 277.75 | 798.75 | 47.50 | 976.50 | 36.25 | **2136.75** | | **$1,084,518.75** |

*Status: P=Partner, A=Associate, PL=Paralegal

## EXHIBIT B

### EXPENSE REPORT
### Boni &Zack LLC

### Reporting Period: Inception through October 31, 2009

| Expense Category | Amount |
|---|---|
| Common Fund Assessments | $0.00 |
| Computer and Electronic Research | $2,586.58 |
| Expert Witness and Consultant Fees | $7,170.30 |
| Filing, Service, and Witness Fees | $185.00 |
| Long Distance Telephone & Facsimile | $161.30 |
| Photocopying (including commercial or internal copying | $3,716.73 |
| Postage & Overnight Delivery (FedEx, UPS) | $374.37 |
| Transcripts | $1,858.22 |
| Travel, Food, and Lodging | $23,493.91 |
| **TOTAL EXPENSES** | **$39,546.41** |

# Exhibit C
# BONI & ZACK LLC
# Firm Resume

Boni & Zack LLC, is a four-attorney firm in Bala Cynwyd, Pennsylvania, founded in March 2007. Boni & Zack focuses on class action and complex litigation under securities, antitrust, intellectual property and consumer statutes.

Boni & Zack currently serves as lead or co-lead counsel in the following cases: *In re Freelance Works in Literary Databases Copyright Litig.*, MDL No. 1379 (S.D.N.Y.); *The Authors Guild, et al. v. Google Inc.,* No. 05-CV-8136 (S.D.N.Y.); and *In re Yahoo Litig.,* No. 06-2737-CAS (C.D. Cal.).

In addition, Boni & Zack is currently representing plaintiffs in the following actions: *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig., MDL No. 1720; In re Pressure Sensitive Labelstock Antitrust Litig.*, MDL No. 1556 (M.D. Pa.); *In re Chocolate Confectionary Antitrust Litig.*, MDL No. 1935 (M.D. Pa.); *In re Replacement Filter Antitrust Litig.,* MDL 1957 (D. Conn.); *In re: Flat Glass Antitrust Litig.*, MDL No. 1942 (W.D. Pa.); *In re Packaged Ice Antitrust Litig.*, MDL No. 1952 (E.D. Mich.); *In re Rail Freight Fuel Surcharge Antitrust Litig.*, MDL No. 1869 (D.D.C.); *In re Fasteners Antitrust Litig.*, MDL No. 1912 (E.D. Pa.); *In re Urethane Antitrust Litig. (Polyether Polyols)*, MDL No. 1616 (D. Kan.); *In re Refrigerant Compressors Antitrust Litig.*, MDL No. 2042 (E.D. Mich.); *In re Blood Reagents Antitrust Litig.,* MDL No. 2081; *In re Pre-filled Propane Tank Marketing & Sales Practices Litig.*, MDL No. 2086; *In re Chase Bank USA, N.A., "Check Loan" Contract Litig,* MDL No. 2032 (N.D. Cal.); *In re Wellbutrin XL Antitrust Litig.*, 08-CV-2433 (E.D. Pa.); *Standard Iron Works v. Arcelormittal, et al.*, 08-CV-5214 (N.D. Ill.); *In re Puerto Rican Cabotage Antitrust Litig.,* MDL No. 1960 (D.P.R.).

**Michael J. Boni** founded Boni and Zack LLC in March 2007 after practicing complex commercial litigation for nearly 20 years. He specializes in antitrust, copyright, consumer, shareholder and class action litigation.

Mr. Boni graduated from the University of Pennsylvania School of Law, received an M.A. degree in psychology from the University of Connecticut, and received an A.B. degree from Albright College. Mr. Boni is admitted to practice in Pennsylvania, the Supreme Court of the United States, the United States Courts of Appeals for the Second, Third, Sixth and Ninth Circuits, and the United States District Courts for the Eastern District of Pennsylvania, Northern District of California, and Eastern District of Michigan.

Mr. Boni has served as lead counsel in a number of complex matters, including *Authors Guild, et al. v. Google Inc.*, No. 05-CV-8136-JES (S.D.N.Y.) ($125 million copyright infringement class action settlement pending concerning the Google Book Search program); *In re Literary Works in Electronic Databases Copyright Litig.*, MDL No. 1379

(S.D.N.Y.) ($18 million copyright class action settlement approved and on appeal); *Random House, Inc. v. Rosetta Books, LLC, et al.*, No. 01-Civ-1728 (S.D.N.Y.) (successful defense against copyright infringement claims brought by Random House against e-book publisher Rosetta Books); *In re Pillar Point Partners Antitrust and Patent Litig.*, MDL No. 1202 (D. Ariz.) ($50 million antitrust class action settlement); *In re Western States Wholesale Natural Gas Antitrust Litig.*, MDL No. 1566 (D. Nev.) ($25 million antitrust class action settlement); *Mikhail, et al. v. Toshiba America Information Systems, Inc.*, No. BC 278163 (Superior Ct. Cal.) ($32 million consumer class action settlement); *Anderson v. Toshiba America Information Systems, Inc.*, BC 299977 (Cal. Sup. Ct., L.A. County) (consumer class action settled); *In re Yahoo! Litig.,* CV06-2737-CAS (C.D. Cal.) (class action settlement pending on behalf of Yahoo's advertising customers for alleged unfair business practices); *Next Proteins International v. Radonsky, et al.*, No. BC 304799 (Superior Ct. Cal.) (consumer class action settled); *In re RF Tags Antitrust Litig.*, No. 02-CV-3730 (D.N.J.) ($4.6 million antitrust class action settlement); *Pilkington, et al. v. U.S.Search.com*, No. BC 234858 (Superior Ct. Cal.) ($1 million consumer class action settlement); *True Communication, Inc., d/b/a Metrodate.com v. The Gator Corporation*, No. CIV 430620 (Superior Ct. Cal.) (unfair competition class action settled); *Miller v. Pep Boys, Inc.,* et al., No. 0201-41489 (C.C.P. Phila. Cy.) (consumer class action settled); *Kleeman v. Verizon Communications Inc., et al.* ($24 million consumer class action settled); *In re Rio Hair Naturalizer Products Liability Litig.*, MDL No. 1055 (E.D. Mich.) ($4.5 million product liability class action settlement); *In re AMC Shareholder Derivative Litig.*, No. 12855 (Del. Chancery) ($2.2 million settlement); *Winigrad v. Franklin Electronics,* (Superior Ct. N.J.) (consumer class action settled); *Pacillo v. Philips Electronics*, (Superior Ct. N.J.) (consumer class action settled).

In its opinion granting final settlement approval in *Rio*, the court stated that "the work of [lead counsel] and the manner in which they conducted themselves exhibited the very highest level of professionalism and competence in our legal system." 1996 U.S. Dist. LEXIS 20440, *57 (E.D. Mich. December 20, 1996).

Mr. Boni recently served on the Executive Committee in *In re: OSB Antitrust Litig.*, Master File No. 06-CV-00826 (E.D. Pa.) ($120 million antitrust class action settlement), and on Plaintiff's Executive Committee in *In re: Sovereign Bancorp, Inc. Shareholders Litig.*, Nov. Term 2008, Case 2587 (Phila. C.C.P.) (shareholder class and derivative action settlement pending approval). He presently serves on the Executive Committee of *In re: Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, No. 05-md-1720 (E.D.N.Y.)

In addition, Mr. Boni has played an integral role in the presentation of other complex matters, including: *In re Relafen Antitrust Litig.*, Master File No. 01-12239 (D. Mass.) ($175 million antitrust class action settlement); *In re Disposable Contact Lens Antitrust Litig.*, MDL Docket No. 1030 (M.D. Fla.) ($75 million antitrust class action settlement); *Schwab v. America Online, Inc.*, No. 96 CH 13732 (Cook County, Ill.) (consumer class action settlement); *In re: Intelligent Electronics, Inc. Securities Litig.*, Master File No. 92-CV-1905 (E.D. Pa.) ($10 million securities class action settlement); *In re Lockheed*

*Securities Litig.*, Master File No. CV89-6745-TJH (Bx) (C.D. Ca.) ($17 million securities class action settlement); *In re Orion Securities Litig.*, Civil Action No. 91-3304 DT (JRx) (E.D.N.Y.); *In re Budd Pension Plan Litig.*, Master File No. 91-4082 (E.D. Pa.) (ERISA class action settled); *In re: Toys "R" Us Antitrust Litig.*, MDL Docket No. 1211 (E.D.N.Y.) (antitrust class action settlement); *First Eastern Corporation, et al. v. Mainwaring, et al.*, Civil Action No. 92-CV-1176 (RLB) (E.D. Pa.).

Mr. Boni was named one of Pennsylvania's "Super Lawyers" in 2005, 2006, 2007, 2008 and 2009.

Mr. Boni is a past Chair of the Board of Directors of the Anti-Defamation League (Metropolitan Philadelphia Board), and is a member of the Board of Directors of Community Legal Services in Philadelphia and serves on that Board's Leadership Council.

In addition, Mr. Boni has played an integral role in the presentation of other complex matters, including: *In re Relafen Antitrust Litig.*, Master File No. 01-12239 (D. Mass.) ($175 million antitrust class action settlement); *In re Disposable Contact Lens Antitrust Litig.*, MDL Docket No. 1030 (M.D. Fla.) ($75 million antitrust class action settlement); *Schwab v. America Online, Inc.*, No. 96 CH 13732 (Cook County, Ill.) (consumer class action settlement); *In re: Intelligent Electronics, Inc. Securities Litig.*, Master File No. 92-CV-1905 (E.D. Pa.) ($10 million securities class action settlement); *In re Lockheed Securities Litig.*, Master File No. CV89-6745-TJH (Bx) (C.D. Ca.) ($17 million securities class action settlement); *In re Orion Securities Litig.*, Civil Action No. 91-3304 DT (JRx) (E.D.N.Y.); *In re Budd Pension Plan Litig.*, Master File No. 91-4082 (E.D. Pa.) (ERISA class action settled); *In re: Toys "R" Us Antitrust Litig.*, MDL Docket No. 1211 (E.D.N.Y.) (antitrust class action settlement); *First Eastern Corporation, et al. v. Mainwaring, et al.*, Civil Action No. 92-CV-1176 (RLB) (E.D. Pa.).

Mr. Boni was named one of Pennsylvania's "Super Lawyers" in 2005, 2006, 2007, 2008 and 2009.

Mr. Boni is the immediate past Chair of the Board of Directors of the Anti-Defamation League (Metropolitan Philadelphia Board), and is a member of the Board of Directors of Community Legal Services in Philadelphia and serves on that Board's Leadership Council.  He is a member of the Philadelphia Bar Association and is a member of the Association's Antitrust Committee.

**Joanne Zack**, co-founder of Boni & Zack, represents clients in complex litigation with an emphasis on plaintiffs' antitrust matters, including cases involving price-fixing, monopolization, refusals to deal, and output restrictions. She has represented plaintiffs and defendants in jury and bench trials, and has argued appeals and motions in federal and state courts in a variety of areas, including antitrust, securities, ERISA, copyright, breach of contract, and breach of fiduciary duty.

Prior to the founding of Boni & Zack, she was a shareholder at Kohn, Swift and Graf from 1988 to 2004, and previously was associated with Cleary, Gottlieb, Steen and Hamilton in New York. She also served as Law Clerk to the Honorable Charles L. Brieant of the United States District Court for the Southern District of New York. Ms. Zack's cases with published opinions include: *In re Linerboard Antitrust*, 305 F.3d 145 (3d Cir. 2002) and 203 F.R.D. 199 (E.D. Pa. 2001) (output restriction class action involving corrugated containers); *Rossi v. Standard Roofing, Inc.*, 156 F.3d 452 (3d Cir. 1998) (refusal to deal in the roofing industry); *Tabas v. Tabas*, 47 F.3d 1280 (3d Cir. 1995) (alleged civil RICO); *Alvord-Polk, Inc. v. F. Schumacher and Co.*, 37 F.3d 996 (3d Cir. 1994)(refusal to deal in the wallpaper industry); *Parkway Garage, Inc. v. City of Philadelphia*, 5 F.3d 685 (3d Cir. 1993) (City's violation of civil rights through abuse of police power); *Gulfstream III Associates, Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 414 and 425 (3d Cir. 1993) (price fixing in the business jet industry); *Breard v. Sachnoff and Weaver, Ltd.*, 941 F.2d 142 (2d Cir. 1991) (securities fraud tax shelter); *Ellis National Bank of Jacksonville v. Irving Trust Co.*, 786 F.2d 466 (2d Cir. 1986) (ERISA action); *In re Assicurazioni Generali S.P.A. Holocaust Insurance Litig.*, 228 F. Supp. 2d 348 (S.D.N.Y. 2002) (class action against life insurers for breach of contract); *Random House, Inc. v. Rosetta Books, LLC*, 150 F. Supp. 2d 613 (S.D.N.Y. 2001), aff'd, 283 F.3d 490 (2d Cir. 2002) (alleged copyright violation); *Milandco Ltd., Inc. v. Washington Capital Corp.*, 2001 U.S. Dist. LEXIS (E.D. Pa. 2001)(alleged breach of contract for real estate); *Borkon v. Saidel*, 1995 U.S. Dist. LEXIS 11707 (E.D. Pa. 1995)(alleged securities fraud); *Goldberg v. Hankin*, 835 F. Supp. 815 (E.D. Pa. 1993)(alleged securities fraud); *Schutte v. Maleski, et al.*, 1993 U.S. Dist. Lexis 8332 (E.D. Pa. 1993) and 1993 U.S. Dist. Lexis 6980 (E.D. Pa. 1993) (ERISA class action); *Bloch v. SmithKline Beckman Corp.*, 1988 U.S. Dist. LEXIS 12397 (E.D. Pa. 1988)(monopolization in the pharmaceutical industry); *Rosefielde v. Falcon Jet Corp.*, 701 F. Supp. 1053 (D. N.J. 1988)(price fixing in the business jet industry); *EGW Partners, L.P. v. Prudential Insurance Co.*, 2003 Phila. Ct. Com. Pl. Lexis 29 (Commerce 2003) (breach of contract and misrepresentation); *Desert Equities v. Morgan Stanley Leveraged Equity Fund*, 624 A.2d 1199 (Del. Supreme 1993) (breach of contract).

Ms. Zack is admitted to practice in the courts of Pennsylvania and New York, the Supreme Court of the United States, the Second, Third and Federal Circuit Courts of Appeals, the Eastern District of Pennsylvania, and the Southern and Eastern Districts of New York.

**Joshua D. Snyder** has been with Boni & Zack LLC since it opened in March 2007 and became a partner in 2008. His practice focuses on complex litigation, including antitrust, consumer protection, copyright, ERISA, and securities class actions.

Mr. Snyder is participating or has participated in the following cases, among others: *The Authors Guild, et al. v. Google Inc.*, No. 05-CV-8136 (S.D.N.Y.); *In re Automotive Refinishing Paint Antitrust Litigation*, MDL Docket No. 1426 (E.D. Pa.); *In re Freelance Works in Literary Databases Copyright Litigation*, MDL No. 1379 (S.D.N.Y.); *In re OSB Antitrust Litigation*, Civ. A. No. 06-0826 (E.D. Pa.); *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litigation*, No. 05-md-1720 (E.D.N.Y.); *In re Rail*

*Freight Fuel Surcharge Antitrust Litigation*, MDL No. 1869 (D.D.C.); *In re Sovereign Bancorp Inc. Shareholders Litigation*, Nov. Term, 2008, No. 2587 (Phila. Cty. Ct. Common Pleas); *Webster v. Hercules, Inc.*, Civ. A. No. 05-6404 (E.D. Pa.); *In re Western States Wholesale Natural Gas Antitrust Litigation*, MDL No. 1566 (D. Nev.); and *In re Yahoo! Litigation*, No. 06-2737 (C.D. Cal).

Prior to joining Boni & Zack, Mr. Snyder was an associate with Kohn, Swift & Graf, P.C., where his practice also focused on complex litigation. Following law school, he served as a law clerk to the Honorable Berle M. Schiller of the United States District Court for the Eastern District of Pennsylvania and to the Honorable Thomas L. Ambro of the United States Court of Appeals for the Third Circuit.

Mr. Snyder is a graduate of the Pennsylvania State University (B.A., History, B.A. Philosophy 1998) and the Harvard Law School (J.D. 2001), where he was a member of the Harvard Legal Aid Bureau. He has handled a variety of pro bono matters.

Mr. Snyder was named one of Pennsylvania's "Super Lawyers Rising Stars" in 2008.

**Theresa J. Henson** joined Boni & Zack LLC in January 2008. She was formerly associated with Meredith Cohen Greenfogel & Skirnick, PC of Philadelphia, where she practiced in the areas of antitrust, securities fraud, ERISA and other complex litigation.

Ms. Henson is participating or has participated in the following cases, among others: *In re Rail Freight Fuel Surcharge Antitrust Litigation*, MDL No. 1869 (D.D.C.); *In re Western States Wholesale Natural Gas Antitrust Litig.*, MDL No. 1566 (D. Nev.); *In Re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.,* MDL No. 1720 (E.D.N.Y.); *In re NASDAQ Market-Makers Antitrust Litig.*, MDL No. 1023 (S.D.N.Y.)(antitrust class action settled); *In re AOL Time Warner, Inc. Securities and ERISA Litig.*, MDL No. 1500 (S.D.N.Y.) (securities class action settled); *In re Dynamic Random Assess Memory (DRAM) Antitrust Litig.*, No.M-02-1486 PJH (N.D. Cal.); *In re K-Dur Antitrust Litig.*, MDL No. 1419 (D. N.J.); *In re X-Ray Film Antitrust Litig.*, No. CV 93 5904 (CPS) (E.D.N.Y.); *In re Commercial Tissue Antitrust Litig.*, MDL No. 1189 (N.D. Fla.); *In re Industrial Silicon Antitrust Litig.*, 95-2104 (W.D. Pa.); *In re Tobacco Antitrust Litig.*, MDL No. 1342; *In re High Pressure Laminates Antitrust Litig.*, MDL No. 11368 (CLB); *In re Sulfuric Acid Antitrust Litig.*, MDL No. 1536; *In re Carbon Fibers Antitrust Litig.*, CV-99-07796-FMC (RNBx); *In re Insurance Brokerage Antitrust Litig.*, MDL No.1663 (D. N.J.); *In re Flat Glass Antitrust Litig.*, MDL No. 1200 (W.D. Pa.); and *In re Urethane Antitrust Litig. (Polyether Polyols)*, MDL No. 1616 (D. Kan.).

Ms. Henson is a graduate of St. Joseph's University and Widener University School of Law. She is admitted to practice in the Pennsylvania and New Jersey Courts and the United States District Courts for the Eastern District of Pennsylvania and the District of New Jersey.

# Exhibit D

**Michael Boni**

| From: | Haggerty, Daniel [dhaggerty@weirpartners.com] |
| --- | --- |
| Sent: | Thursday, December 17, 2009 12:23 PM |
| To: | Michael Boni |

**Subject:** Yahoo!

Mike,

I understand you reached out to Carolyn at my office.

I have spoken to the client. Our demand to withdraw the objection is $83,500.00

Thanks,


Daniel D. Haggerty
WEIR & PARTNERS LLP
The Widener Building
1339 Chestnut Street Fifth Floor
Philadelphia, PA 19107
Phone: 215-241-7752
Fax: 215-665-8464
Email: dhaggerty@weirpartners.com

This electronic message transmission contains information from the law firm of Weir & Partners LLP
which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If
you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the
content of this information is strictly prohibited. If you have received this communication in error, please
notify us immediately by email and delete the original message.

U.S. Treasury Regulations require us to inform you that any tax advice used in this communication was
not intended or written by the practitioner to be used (1) to avoid any penalty that may be imposed under
federal tax law, or (2) for promotion, marketing or recommending to another person the transaction(s) or
matter(s) addressed herein. If you intend to seek tax advice then you should seek advice based on your
particular circumstances from an independent tax advisor. We encourage you to visit our website at
www.weirpartners.com for a more extensive explanation of the Regulations and the necessity for this
disclaimer.

**UETA NOTICE: THIS EMAIL IS NOT INTENDED AS A SUBSTITUTE FOR A WRITING.**
Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar
substance and effect, absent an express statement to the contrary hereinabove, this email message, its
contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a
contract and are not otherwise intended to bind the sender, WEIR & PARTNERS, LLP, any of its clients,
or any other person or entity.

# Exhibit E

# Michael Boni

**From:** Haggerty, Daniel [dhaggerty@weirpartners.com]
**Sent:** Thursday, December 17, 2009 3:40 PM
**To:** Michael Boni
**Subject:** RE: Yahoo!

Michael,

I spoke to Carolyn Lindheim this afternoon. I understand you reached out to her in response to my e-mail below. Going forward, please direct all communications to me. I recognize you are friends and do not want to, in any way, effect that relationship.

I am not an attorney that objects to settlements. In fact, I have never previously objected to any settlement. I am being paid an hourly rate by my client. My client's objection to the settlement was motivated by his desire to see a fair settlement. It has paid over $80,000 to Yahoo. My client believes strongly that the monetary component of the settlement should include a payment to the class members that are still in business. We are prepared to go forward with argument at the hearing.

I understand you have taken issue with my demand. I remind you that you reached out to my office asking to "see if there is a way this can go away?" My client's demand is based on his actual Yahoo bill. This is the amount he would like to see you recover on his behalf in this case. I do not see how this is in any way improper. If, in order for my client to recover his demand, it is necessary for you to recover on behalf of the entire class the same amount, then we encourage you to do so.

My demand assumed that you would do all things proper to ensure the demand can be paid with approval of the Court. I am not suggesting nor want anything improper. Certainly, my client is not seeking anything improper.

As you you have taken issue with my demand, on behalf of my client, I am formally withdrawing my client's demand. I invite your suggestions on how you may want to handle my client's objection. Otherwise, it intends to aggressively prosecute its objection.

If you would like to discuss this further, please feel free to give me a call.

Thank you,


Daniel D. Haggerty
**WEIR & PARTNERS LLP**
The Widener Building
1339 Chestnut Street Fifth Floor
Philadelphia, PA 19107
Phone: 215-241-7752
Fax: 215-665-8464
Email: dhaggerty@weirpartners.com

This electronic message transmission contains information from the law firm of Weir & Partners LLP which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is strictly prohibited. If you have received this communication in error, please notify us immediately by email and delete the original message.

U.S. Treasury Regulations require us to inform you that any tax advice used in this communication was not intended or written by the practitioner to be used (1) to avoid any penalty that may be imposed under federal tax law, or (2) for promotion, marketing or recommending to another person the transaction(s) or matter(s) addressed herein. If you intend to seek tax advice then you should seek advice based on your particular circumstances from an independent tax advisor. We encourage you to visit our website at

12/22/2009

www.weirpartners.com for a more extensive explanation of the Regulations and the necessity for this disclaimer.

**UETA NOTICE: THIS EMAIL IS NOT INTENDED AS A SUBSTITUTE FOR A WRITING.** Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement to the contrary hereinabove, this email message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, WEIR & PARTNERS, LLP, any of its clients, or any other person or entity.

-----Original Message-----
**From:** Haggerty, Daniel
**Sent:** Thursday, December 17, 2009 12:23 PM
**To:** 'MBoni@bonizack.com'
**Subject:** Yahoo!

Mike,

I understand you reached out to Carolyn at my office.

I have spoken to the client. Our demand to withdraw the objection is $83,500.00

Thanks,


Daniel D. Haggerty
WEIR & PARTNERS LLP
The Widener Building
1339 Chestnut Street Fifth Floor
Philadelphia, PA 19107
Phone: 215-241-7752
Fax: 215-665-8464
Email: dhaggerty@weirpartners.com

This electronic message transmission contains information from the law firm of Weir & Partners LLP which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is strictly prohibited. If you have received this communication in error, please notify us immediately by email and delete the original message.

U.S. Treasury Regulations require us to inform you that any tax advice used in this communication was not intended or written by the practitioner to be used (1) to avoid any penalty that may be imposed under federal tax law, or (2) for promotion, marketing or recommending to another person the transaction(s) or matter(s) addressed herein. If you intend to seek tax advice then you should seek advice based on your particular circumstances from an independent tax advisor. We encourage you to visit our website at www.weirpartners.com for a more extensive explanation of the Regulations and the necessity for this disclaimer.

**UETA NOTICE: THIS EMAIL IS NOT INTENDED AS A SUBSTITUTE FOR A WRITING.**
Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement to the contrary hereinabove, this email message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, WEIR & PARTNERS, LLP, any of its clients, or any other person or entity.